453 A.2d 658

Lydia MISCHENKO a/k/a Lydia Michenko

v.

Kenneth C. GOWTON, Dorothy D. Gowton, Hillcrest-Osborne, Inc., Richard E. Drake, Inc.

**Appeal of Dorothy D. GOWTON.**

Superior Court of Pennsylvania.

Argued May 24, 1982.

Filed Dec. 10, 1982.

Petition for Allowance of Appeal Denied March 29, 1983.

William L. Goldman, Doylestown, for appellant.

Francis J. Sullivan, Fairless Hills, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

This appeal is from a dismissal of a petition to strike or open a default judgment. The issue before us is whether a lack of proper service, in the face of actual notice can excuse a failure to promptly file a petition to open. Although this issue was raised before it, the lower court failed to reach this argument. It appears this was due to the trial court not considering part of the contents of the record, namely the deposition. We reverse and remand for proceedings consistent with this opinion.

It is appellant's contention that since she never received proper service of plaintiff/appellee's complaint, the court lacked personal jurisdiction over her in the case, thus rendering the default judgment void. Because the judgment itself is a nullity, appellant argues further that a petition to open should be granted even though tardily filed. We agree.

The procedural history of this case is as follows. On July 10, 1979, plaintiff/appellee filed a complaint against, among others, Dorothy Gowton. On August 27, 1979, the Sheriff served this complaint at the residence of Russell Gowton, Dorothy's brother-in-law. In her petition to strike/open and in a deposition, appellant stated that Russell Gowton's residence had never been hers nor did he have her power of attorney to receive process. Mrs. Gowton also stated in the deposition that about a month before the notice of default judgment, she received a copy of the complaint from persons unknown via uncertified, regular mail delivery. Default judgment was entered on September 11, 1979 and appellant acknowledged receiving notice of the default judgment

shortly thereafter. On May 29, 1980, more than eight months after entry of default, appellant filed a petition to strike the default judgment, or, in the alternative, to open judgment. A deposition of defendant/appellee was taken on October 21, 1980 and filed on January 9, 1981. On June 30, 1981, the court below filed its opinion and order dismissing the petition to open/strike.

The trial court opinion of Judge Rufe states:

The defendant contends that the sheriff's service of process was defective and, consequently, the court did not have jurisdiction over the defendant. However, this claim is based on facts dehors the record which cannot be considered in a petition to strike.

The statement above disregards the existence of Mrs. Gowton's deposition of October 21. More than six months before the filing of the trial court opinion, the deposition was made part of the record. Included in this deposition are statements which could show a lack of proper service. Evidently, the trial court considered the deposition irrelevant as it stated: "In the present case, the record contains a complaint, a sheriff's return of service and the entry of a default judgment, none of which is defective on its face."

█ It would seem that the trial court had in mind the rule giving a sheriff's return of service, which is full and complete on its face, conclusiveness and immunity from attack by extrinsic evidence.[1] This is the rule in this Commonwealth. *Vaughn v. Love,* 324 Pa. 276, 188 A. 299 (1936). However, this rule does not extend to facts not within the personal knowledge of the sheriff—such as, in the case before us, whether or not the place at which he served process was Dorothy Gowton's residence. In this regard, the Supreme Court has stated:

However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge,* such as *when* and *where* the writ was served;

---

1. This rule applies only in the absence of fraud.

when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend (a) *to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others.* When a sheriff's return states that a certain place is the *residence* or *dwelling house* of the defendant, such statement is not of a matter ordinarily within the personal knowledge of the sheriff but only a statement based upon that which he has been *told* by other persons, i.e., he had been instructed by a third person to make service at a certain place which he is *told* is the residence or dwelling house of the defendant.

*Hollinger v. Hollinger,* 416 Pa. 473 at 477–8, 206 A.2d 1 at 3 (1965) (emphasis in original).

■ Therefore, the testimony contained in the deposition regarding Dorothy Gowton's non-residence at the place where process was served is not only on the record, it is also relevant and should have been considered by the court below. To disregard the deposition was error.

■ Once it is seen that a lack of service can be established under certain circumstances, the next determination to be made is the impact of a showing of such non-service in a petition to open context. The precise effect of a lack of service on a petition to open was treated in an opinion of this court.

The lower court correctly noted that, ordinarily, three factors must coalesce before a default judgment can be opened: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." Where, as here, how-

ever, a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, we believe that a court must determine whether such assertion is true before considering any other factors. If valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him. We have not hesitated to open judgments and give defendants an opportunity to file answers in cases where process was not properly served. Accordingly, we must inquire into the accuracy of appellant's contention that it was never served.

*Liquid Carbonic Corp. v. Cooper & Reese,* 272 Pa.Super. 462 at 466–7, 416 A.2d 549 at 551 (1979) (citations omitted).

At first, the application of the rule stated in *Liquid Carbonic* to the case before us is somewhat uncertain. This uncertainty arises because, while Mrs. Gowton allegedly did not receive proper service, she also admittedly did receive actual notice. Three portions of the *Liquid Carbonic* segments quoted above will be examined.

First, "defendant asserts that he was never served with the complaint *and therefore* had no notice of the proceedings against him." (Emphasis supplied.) The implication from this passage is that a lack of service results in a lack of notice. The second portion gives an opposite impression, however. "If valid service has not been made *and* the defendant is wholly without notice of the proceedings against him..." (Emphasis supplied.) Here, the impression given is that lack of service and lack of notice are two independent requirements.

Judge Hoffman's use of the concept of notice in the above passages is made clearer by looking to an earlier opinion authored by him, *Keystone Wire & Iron Works v. Van Cor, Inc.,* 245 Pa.Super. 537 at 541, 369 A.2d 758 at 760 (1976). "Thus, not only is service of process in accordance with the

Rules of Civil Procedure necessary to give a party notice of the pendency of an action..." The manner in which the word notice is used in *Keystone* would appear to indicate that when that word is used in *Liquid Carbonic* it is not referring to actual notice but only to official notice. If actual notice is not relevant, then Mrs. Gowton can benefit from *Liquid Carbonic's* rule.

The same solution to this problem of interpretation is also indicated by the third passage in *Liquid Carbonic* which the presence of personal jurisdiction is made determinative in activating the special provision. "... then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him."

If the absence of personal jurisdiction is the key to the applicability of *Liquid Carbonic,* then Mrs. Gowton is clearly within its reach. It is well settled that "jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Neff v. Tribune Printing Co.,* 421 Pa. 122 at 124, 218 A.2d 756 at 757 (1966).

■ Further justification for allowing a judgment to be opened and an answer to be filed where service is lacking is provided by the basic rule that an action taken by a court without jurisdiction is a nullity. A petition to open a judgment which is said to be null and void should be granted where the facts to support that contention can be established. We come to the conclusion that where a defendant has actual notice, but lacks proper service, a petition to open should be granted even though it is not filed in a timely fashion.

Since the determination as to whether or not service of process was properly made upon Mrs. Gowton was not made by the court below, on appeal we cannot rule on this question. If, on remand, the court below determines that proper service was not made, the petition to open must be granted and leave given to file an answer.

We reverse and remand for proceedings consistent with this opinion. This court relinquishes jurisdiction.

WIEAND and BECK, JJ., concur in result.