672 A.2d 1371

CINTAS CORPORATION, Appellee,

v.

LEE'S CLEANING SERVICES, INC. t/a
Lee's Industries, Inc., Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1995.

Filed March 12, 1996.

Gary S. Server, Philadelphia, for appellant.

Howard B. Zavodnick, Philadelphia, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County which denied appellant's petition to strike a default judgment. Appellant contends that the judgment is defective on the face of the record because, *inter alia*, the person who served the original process failed to make a return of service. Upon review, we are constrained to agree with appellant and reverse the decision of the court below.[1]

The record reveals the following procedural history: On or about February 22, 1994, appellee filed a complaint against appellant alleging breach of a contract to clean certain uniforms of appellee. Thereafter, on February 28, 1994, service was made upon appellant. On March 16, 1994, Attorney Howard B. Zavodnick filed a certificate of service which stated that *Albert* Zavodnick served original process upon appellant at its business address, 3858 Pulaski Street, Philadelphia, Pennsylvania 19140, by handing a copy of the complaint to Virginia Watson, the person in charge of Lee's Cleaning Services at the time. On September 23, 1994, a default judgment was entered against appellant due to its failure to answer or otherwise respond to appellee's complaint. On March 23, 1995, appellant filed a petition to strike the subject default judgment which alleged that appellee failed to comply with the mandates of Pa.R.C.P. 405(a) and 424(2).

In *Franklin Interiors v. Wall of Fame Management*, 510 Pa. 597, 599–600, 511 A.2d 761, 762 (1986), our Supreme Court stated:

---

1. Appellant also contends that service of process was defective because the person who was served, Virginia Watson, was not authorized to accept service of process. However, we need not address this issue in light of our resolution of appellant's other allegation of error.

It is well settled beyond peradventure that a petition to strike may be granted only for defects appearing on the face of the record. (Citations omitted.)

Review of a motion to strike, therefore, is limited only to the record as filed by the party in whose favor the warrant is given (here, Appellee). (Citations omitted.) Accordingly, if the record is not self-sustaining, the judgment should be stricken.

Our Supreme Court has also noted that in making the determination whether fatal irregularities appear on the face of the record, a court must look only at what was in the record at the time the judgment was entered. *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969).

█ Presently, appellant complains that judgment should be stricken because a fatal defect appears of record since appellee neglected to comply with Pa.R.C.P. 405(a) which, in pertinent part, provides: "When service of original process has been made the sheriff or *other person making service shall* make a return of service forthwith...." (Emphasis added.) Indeed, our review of the record establishes that appellee's counsel, Howard B. Zavodnick, Esq., filed the return of service on March 16, 1994, when Albert Zavodnick was the person who actually served the complaint and should have filed the return. Since the record is fatally defective; we find that the judgment should have been stricken. *Franklin Interiors, supra.*

█ The fact that appellee filed a return of service made by Albert Zavodnick well after appellant filed its petition to strike does not cure the defect since we are obligated to look *only* at the record which existed when the judgment was entered. *Linett, supra.*

Appellee argues that its service was not defective because it sets forth sufficient facts "for the Court to determine whether proper service has been made" in accordance with Pa.R.C.P. 405(b). However, as previously stated, appellee neglected to comply with the mandatory provision of Pa.R.C.P. 405(a) which requires the person who serves the process, not the

attorney for the plaintiff, to "make" the return of service forthwith.

Further, appellee appears to argue that appellant's motion to strike should be barred by laches because it had notice of this action through various events, including the sending of notice of the default judgment pursuant to Pa. R.C.P. 236, the filing and service of the writ of execution in attachment, a garnishment action, the payment of the judgment by the garnishee bank and satisfaction of the judgment by appellant. However, "in the context of service of process, the rules 'must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made' *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966).... Improper service, therefore, is not merely a procedural defect which can be ignored when the defendant, by whatever means, becomes aware that an action has been commenced against him or her." *Frycklund v. Way*, 410 Pa.Super. 347, 599 A.2d 1332 (1991), *appeal denied* 531 Pa. 654, 613 A.2d 560 (1992).

Moreover, "it is never too late to attack a judgment or decree for want of jurisdiction." *DeCoatsworth v. Jones*, 414 Pa.Super. 589, 604, 607 A.2d 1094, 1101 (1992), *quoting, In re Simpson's Estate*, 253 Pa. 217, 225, 98 A. 35, 38 (1916). "For a judgment to be void on its face, one or more of three jurisdictional elements must be absent: the court's jurisdiction of the parties; the court's jurisdiction of the subject matter; or the power or authority to render the particular judgment." *DeCoatsworth*, 607 A.2d at 1101, *quoting Roberts v. Gibson*, 214 Pa.Super. 220, 226, 251 A.2d 799, 802 (1969).

In the case *sub judice*, appellee failed to file a proper return of service. Consequently, the face of the record does not reveal whether service was properly made, and the court's jurisdiction over the action remains in question. Accordingly, the lower court should have stricken the judgment for want of jurisdiction apparent on the face of the record. *DeCoatsworth*, 607 A.2d at 1101–1102; *Mamlin v. Tener*, 146 Pa.Su-

per. 593, 596, 23 A.2d 90, 92 (1941) ("It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person for a fatal deficiency appearing on the face of the record.").

Accordingly, we reverse the order of the court below and strike the judgment.

Order reversed. Judgment stricken. Jurisdiction relinquished.

BECK, J. files a dissenting statement.

BECK, Judge, dissenting.

I dissent because I believe the majority exalts form over substance.

I recognize that Pennsylvania Rule of Civil Procedure 405(a) expressly requires that the *"person making service* shall make a return of service" with the court. It is clear that in this case, someone other than the "person making service" made the return of service. However, I question whether such technical noncompliance should be treated as "defective" or "improper" service for purposes of striking the default judgment.

The majority correctly cites to *Frycklund v. Way,* 410 Pa.Super. 347, 599 A.2d 1332 (1991) for the proposition that "improper service" is not "merely a procedural defect which can be ignored when the defendant, by whatever means, becomes aware that an action has been commenced against him or her." In *Frycklund,* the plaintiff did not serve defendant at the proper address, and the court therefore never obtained jurisdiction over her person. Such a defect indeed yields an "improper service." Service of process under these circumstances was therefore properly set aside. *Id.* at 352–353, 599 A.2d at 1335. The "defect" in this case is quite different and ought not to result in a stricken judgment.