685 A.2d 1391

**Kevin DUBREY, Appellee,**

v.

**Alberto IZAGUIRRE and Centennial Trans./Academy Cab, American Independent Insurance Company, Appellee.**

**Appeal of AMERICAN INDEPENDENT INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1996.

Filed Dec. 12, 1996.

506

Louis E Slawe, Philadelphia, for Dubrey, appellee.

Ronald N. Diamond, Elkins Park, for appellant.

Before TAMILIA, SCHILLER and MONTEMURO, JJ.*

* Retired Justice assigned to Superior Court.

MONTEMURO, Judge.

Appellant, American Independent Insurance Company (AIIC), garnishee in the underlying proceedings, appeals the denial of its petitions to strike the default judgment against original defendants Alberto Izaguirre and Centennial Trans./Academy Cab. These defendants have never appeared in the case and do not join in the appeal. We reverse.

On July 15, 1994, plaintiff/appellee Kevin Dubrey filed a complaint in Philadelphia County seeking damages for injuries he allegedly sustained in a 1992 motor vehicle accident with a cab owned by defendant Centennial Trans./Academy Cab, and driven by defendant Alberto Izaguirre. Appellee requested an arbitration hearing, which was scheduled for March 16, 1995. A private process server served Continental Trans./Academy Cab at a private home in Bucks County, Pennsylvania. The Return of Service, filed August 6, 1994, indicates that service was made to an adult family member over 18 years of age. The Return of Service for Izaguirre, filed August 5, 1994, notes that service was not completed because he had moved from his last known address in Delaware County. Service to Izaguirre was eventually perfected in Philadelphia County on March 1, 1995 by a private process server. It is undisputed that appellee never reinstated the original complaint.

On March 3, 1995, default judgment was entered for appellee against defendant Centennial Trans./Academy Cab. Both defendants failed to appear at the arbitration hearing, and the arbitrators finding jointly and severally against both defendants, awarded $50,000 to appellee. On May 5, 1995, judgment was entered by praecipe against defendant Izaguirre only.

On August 4, 1995, appellee began garnishment proceedings against garnishee/Appellant AIIC by filing in Philadelphia County a Praecipe for Writ of Execution with Interrogatories. The proceedings were transferred to Montgomery County where, on September 26, 1995, appellee obtained a default judgment against Appellant for failure to answer the interrog-

atories. On December 1, 1995, Appellant filed two related petitions to strike the judgments against original defendants Izaguirre and Centennial Trans./Academy Cab. The trial court denied both motions on January 5, 1996. This timely appeal follows.

Appellant contends that because appellee failed to properly serve the original defendants, the underlying judgment in this case is void. In denying Appellant's motions to strike the judgment, the trial court held that Appellant/garnishee had no standing to challenge the service of process in the underlying judgment and, therefore, found it unnecessary to reach the merits of Appellant's arguments. Because we find that Appellant can challenge the trial court's jurisdiction in the underlying judgment, and that personal jurisdiction was lacking, we reverse.

A court must have personal jurisdiction over a party to enter a judgment against it. "[A]ction taken by a court without jurisdiction is a nullity." *Mischenko v. Gowton*, 307 Pa.Super. 426, 432, 453 A.2d 658, 660 (1982). Because jurisdiction over a person is dependent upon proper service, the Pennsylvania Supreme Court has held that the rules relating to service of process must be strictly followed. *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). *See also Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 449 Pa.Super. 94, 672 A.2d 1371 (1996)(striking default judgment for lack of jurisdiction when return of service was filed by plaintiff's attorney instead of process server); *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992) (striking default judgment for lack of jurisdiction when plaintiff served attorney who represented defendant in a different matter); *Mischenko v. Gowton*, 307 Pa.Super. 426, 453 A.2d 658 (1982) (granting petition to open default judgment when defendant has actual notice of lawsuit but lacks proper service). "In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." *U.K. LaSalle*, 421 Pa.Super. at 500, 618 A.2d at 449. Moreover, this Court has held that a

judgment may be attacked for lack of jurisdiction at any time. *Cintas,* 449 Pa.Super. at 98–99, 672 A.2d at 1373.

■ In the instant case, the trial judge denied Appellant's motion to strike the judgments because he believed Appellant was precluded from challenging the original service of process. According to Rule 3145 of the Pennsylvania Rules of Civil Procedure, in a garnishment proceeding, a garnishee "may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment." Pa.R.C.P. 3145. *See Jefferson Bank v. J. Roy Morris,* 432 Pa.Super. 546, 552, 639 A.2d 474, 477 (1994)("[t]he garnishee may . . .resist attachment only by raising defenses which would be valid against judgment debtor."). Thus, it would seem that Appellant may not attack the validity of the original service of process because that would be a defense available to the defendants against the plaintiff.

However, Appellant is not attacking the validity of the attachment or the liability of the defendants; it is attacking the jurisdiction of the court to enter the underlying default judgment. *See U.K. LaSalle,* 421 Pa.Super. at 500, 618 A.2d at 449 ("If there is no valid service of initial process, a subsequent judgment by default must be deemed defective."). If the court lacked personal jurisdiction over the original defendants, then the garnishment proceedings are based on a void default judgment which would have no effect. Because the underlying jurisdiction of the court is indispensable, we find that Appellant, as garnishee, should be permitted to attack the court's personal jurisdiction over the original defendants when the garnishment attachment is based on an underlying default judgment.

■ A petition to strike a judgment does not involve the discretion of the court. *U.K. LaSalle* 421 Pa.Super. at 499, 618 A.2d at 449. Instead, it acts as a demurrer to the record and, as such, may be granted only when "a fatal defect in the judgment appears on the face of the record." *Id.* Therefore, to grant a petition to strike a judgment based on improper service, the court must be unable to find proper service,

reviewing only the record as it existed when judgment was entered. *Cintas,* 449 Pa.Super. at 96–98, 672 A.2d at 1372.

In the instant case, the record on its face reflects improper service. First, appellee served Continental Trans./Academy Cab in Bucks County using a private process server. The Pennsylvania Rules of Civil Procedure specifically mandate that "original process shall be served within the Commonwealth only by the sheriff." Pa.R.C.P. 400. For a civil action commenced in Philadelphia County, however, the rules permit service "in any other county by deputized sheriff ... or by a competent adult forwarding the process to the sheriff of the county where service may be made." Pa.R.C.P. 401(a)(2). The record reveals that process was served in Bucks County by a private process server, not the sheriff, and does not reflect that the process was forwarded to the sheriff of Bucks County. Moreover, the return of service indicates that process was served on the 18 year-old son of, presumedly, the owner of Continental Trans./Academy Cab. The Rules mandate that service of process to a corporation must be made to either:

(1) an executive officer, partner or trustee of the corporation or similar entity, or

(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. In this case, the record reflects only that service was made to an adult family member of the owner of Continental Trans./Academy Cab. Since this type of substituted service to a corporation is not permitted under the Rules, the service was invalid.[1]

---

1. Appellant also contends that service to "Continental Trans./Academy Cab" is invalid because Continental Transportation and Academy Cab are, in actuality, two separate corporations therefore, service was made to a non-existent entity. Appellee counters by noting that in another lawsuit stemming from this same accident, and involving the same defendants but a different plaintiff, the defendant corporations admitted

█ Service to Izaguirre was also invalid since it was served over seven months after the original complaint was filed. The Rules mandate that "[o]riginal process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401(a). The Rules permit service after thirty days if the complaint is reinstated by the plaintiff. Pa.R.C.P. 401(b)(1). In the case at hand, the record is devoid of any evidence indicating that appellee ever reinstated the complaint after the thirty day period. Moreover, nothing in the record suggests that appellee made a good faith effort to serve Izaguirre within that seven month period. *See Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121 (1994)(although finding that plaintiff reinstated complaint, service of process over three months after original complaint was filed is still invalid since plaintiff did not make a good faith effort to serve defendant in a timely manner). Therefore, service to Izaguirre was invalid.

Because we find that Appellant is permitted to challenge the underlying jurisdiction of the court to enter a default judgment against the original defendants, and that, according to the record, the original service of process to both defendants was invalid, we reverse the decision of the trial court and strike the judgments.

Orders Reversed.

## ORDER

AND NOW, this 12th day of December, 1996, the Orders entered January 5, 1996, Docketed January 24, 1996 in the Court of Common Pleas of Philadelphia, Civil Division, July Term 1994, No. 1723 are hereby REVERSED.

---

that their principal place of business is the residential home where appellee served process. We need not resolve this issue, however, because we have found the service invalid even if the defendant was a legitimate corporation.