## Hopkins v. Robinson

C.P. of Philadelphia County, April Term 2002, no. 2263.

*Holland Thomas More,* for plaintiff.
*Kevin R. McNulty,* for defendant.

DYCH, *J.,* November 22, 2006—Demetris Hopkins appeals this court's order of September 5, 2006, granting

the motion to strike judgment and strike writ of attachment of American Independent Insurance Co. (AIICO), garnishee in the above-captioned matter.

## PROCEDURAL HISTORY

In April of 2002, Hopkins sued Michael Robinson for damages and personal injuries arising out of a motor vehicle accident on June 3, 2000. Judgment by default was entered against Robinson on August 12, 2002, and on December 11, 2002, an arbitration panel awarded Hopkins $50,000 which has not yet been paid. The case was marked "disposed" on January 16, 2003, no appeal having been taken.

On April 20, 2006, Hopkins filed a praecipe to issue a writ of attachment against AIICO, allegedly holder of an insurance policy in the name of defendant's sister, the owner of the car driven by Robinson and involved in the accident. The writ was never served. Hopkins filed a second writ against AIICO on June 29, 2006, along with interrogatories addressed to AIICO. Hopkins directed service of this second writ on "AIICO c/o Bank of America at 1600 John F. Kennedy Boulevard, Philadelphia," and the sheriff served the writ on the Bank on July 3, 2006. Although the Bank is neither a party nor a named garnishee in the case, it responded to Hopkins' interrogatories. On the basis of the Bank's responses, Hopkins filed a praecipe for judgment against garnishee American Independent Insurance Company c/o Bank of America in the amount $15,000; a copy of the Bank's interrogatory responses was attached to the praecipe.

Judgment by admission was entered against AIICO on August 15, 2006, and on August 18, 2006, AIICO responded with an emergency motion to set aside service.

On September 5, 2006, after oral argument on August 30, this court granted AIICO's motion, striking the August 15 judgment against it and striking all writs of attachment that had been issued in the case; the order also directed the Bank to restore all withheld funds to AIICO. Hopkins' notice of appeal from the September 5 order was docketed on October 11, 2006, and on November 3, 2006, he filed a statement pursuant to Rule 1925(b), Pa.R.A.P.

## MATTER COMPLAINED OF ON APPEAL

Hopkins maintains that he properly served the writs of execution "on AIICO in care of Bank of America, its fiduciary" and that, therefore, the court's September 5 order setting aside that service and striking all attachments in the case deprived him of substantive and procedural due process.

## DISCUSSION

The single issue before the court is whether AIICO was entitled under Rule 3121(d), Pa.R.C.P., to have the writ set aside. Rule 3121(d) provides that a writ may be set aside where a party in interest shows that the writ (1) contains a defect, (2) concerns property subject to an exemption or immunity, or (3) presents any other equitable grounds therefore. AIICO contends, and this court agrees, that Hopkins' service of the writ was defective for two reasons.

First, Hopkins may not direct service of a writ of execution on the garnishee's bank in lieu of service on the garnishee itself.[1] Service of a writ on a garnishee is gov-

---

1. No question has been raised as to whether AIICO is a garnishee as defined by Rule 3101(b), Pa.R.C.P. For the purposes of this opinion,

erned by Rule 3111(a), Pa.R.C.P., which provides that a "writ shall be served by the sheriff upon the garnishee in the manner prescribed by Rule 402(a) . . . ."[2] Rule 402(a) provides for service by handing a copy to a corporate defendant [garnishee] "at any office or usual place of business of the defendant [garnishee] to his agent or to the person for the time being in charge thereof."[3] In this case, AIICO's bank (Bank of America) is neither a defendant nor a garnishee in this action. Further, Hopkins has not shown that the Bank is an "office or usual place of business" of AIICO, much less that service was effected on AIICO's agent or person in charge of its operations at that place. The writ is patently defective.

Hopkins contends that service of the writ on the Bank is proper because the Bank is AIICO's "fiduciary." There is no support in the rules or the law for the proposition that service may be made on fiduciaries that are not otherwise named parties. It is true that the rules define a "garnishee" as any person who "holds as fiduciary property in which the defendant has an interest." Rule 3101(b), Pa.R.C.P. The rules plainly contemplate a fiduciary relationship between the garnishee and the defendant, however, and not between the garnishee and its bank.

Second, it follows that the interrogatories addressed to AIICO and attached to the writ were also improperly

the court assumes that AIICO would be a garnishee subject to service in this case.

2. Exceptions under Rule 3111(a) concerning service of writs against real property are inapplicable in this case.

3. Similarly, Rule 242 concerning service of original process on "corporations and similar entities," requires service on executives, officers, managers, or authorized agents, or on authorized managers or clerks at a regular place of business. Rule 242, Pa.R.C.P.

served on the Bank. The fact that the Bank (again, neither a party nor a garnishee) responded does not cure the defect. Nor can the Bank's responses serve to bind AIICO upon the plaintiff's praecipe to enter judgment against the garnishee "for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession." Rule 3147(b), Pa.R.C.P. Thus, the August 15, 2006 "judgment entered by admission" of the Bank, a non-party and non-garnishee, was properly stricken.

Defective service is not merely a technical matter; it implicates the proper jurisdiction of the courts over parties and, in this case, garnishees. It also threatens the notice rights of putative litigants. For this reason, the Pennsylvania Supreme Court has held that the rules relating to service of process must be strictly followed. *Dubrey v. Izaguirre,* 454 Pa. Super. 504, 508, 685 A.2d 1391, 1393 (1996), citing *Sharp v. Valley Forge Medical Center & Heart Hospital Inc.,* 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). Here, the plaintiff obtained a judgment against AIICO on the basis of an improperly served writ and on the basis of discovery responses of another non-party. The rules concerning service operate to prevent just this type of error.

## CONCLUSION

Hopkins did not make proper service of his writ of execution on garnishee AIICO. Further, he obtained judgment against AIICO on the basis of discovery responses that are not binding on the garnishee. For these and the foregoing reasons, Hopkins' appeal should be denied, and this court's September 5, 2006 order should be affirmed.