J-A10017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHANIE HESTER-ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PERRY AND ROSALYN PEDLAR | : | No. 2910 EDA 2017 |

Appeal from the Order August 24, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 02850 September Term 2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 30, 2018**

Stephanie Hester-Allen appeals from the order denying her Motion for Assessment of Damages Hearing. We affirm.

The trial court set forth the factual and procedural history, which we adopt and incorporate herein. Trial Court Opinion, filed 11/20/17, at 1.

On appeal, Hester-Allen claims that the trial court erred in denying her Motion for Assessment of Damages Hearing and that she properly served the Complaint.

Whether a judgment is void due to lack of proper service of the complaint raises a challenge to the "operation of procedural rules of court," which is a question of law. *Green Acres Rehabilitation and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (Pa.Super. 2015). Therefore, our standard of review is *de novo* and our scope is plenary. *Id.*

_____

* Retired Senior Judge assigned to the Superior Court.

The trial court did not err in denying the Motion for Assessment of Damages Hearing. The trial court concluded Hester-Allen failed to properly serve the complaint within 30 days and did not seek to re-instate the complaint before attempting service. TCO, 11/20/17, at 2. Therefore, the court found it lacked jurisdiction over Perry and Pedlar, the default judgment was void, and it properly denied the Motion for Assessment of Damages Hearing. *Id.* at 2-3. This was not error. After review of the briefs, record, and relevant case law, we adopt the well-reasoned opinion of the Honorable Daniel J. Anders, and incorporate it herein. *Id.* at 2-3.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/18

16090285000067

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| STEPHANIE HESTER-ALLEN, Plaintiff/Appellant, KEVIN PERRY AND ROSALYN PEDLAR, Defendants/Appellees. | 2910 EDA 2017 Trial case No. 160902850 |
|---|---|

## OPINION

Plaintiff Stephanie Hester-Allen appeals the trial court's August 24, 2017 order denying Plaintiffs Motion for Assessment of Damages Hearing. For the reasons discussed herein, the Superior Court of Pennsylvania should affirm the trial court's order denying Plaintiffs Motion.

FACTUAL AND PROCEDURAL BACKGROUND

On September 26, 2016, Plaintiff filed a civil complaint against Defendants claiming wrongful eviction, fraud, intentional and negligent infliction of emotional distress, and negligence. Plaintiff failed to serve the Complaint on Defendants within 30 days of its filing and did not request the Prothonotary to reinstate the complaint. 1

On December 27, 2016, Plaintiff mailed the Complaint by first-class prepaid postage to Defendants at 1950 South 23 rd Street, Philadelphia, Pennsylvania 19145. Defendants failed to respond to the complaint. On February 3, 2017, Plaintiff filed a Motion for Entry of Default Judgment. After a hearing on April 6, 2017, the trial court granted Plaintiff's Motion for Entry of Default Judgment and entered Default Judgment against Defendants on April 7, 2017.

On July 31, 2017, Plaintiff filed a Motion for Assessment of Damages Hearing. On August 24, 2017, the trial court denied Plaintiffs Motion for Assessment of Damages Hearing. On August 29, 2017, Plaintiff filed this timely appeal of the trial court's Order.

[1] Between the filing of the Complaint and December 27, 2016, Plaintiff attempted to personally serve the Complaint on Defendants at 1950 South 23rd Street, Philadelphia, Pennsylvania 19145 or, alternatively, to serve pursuant to a motion for alternative service, which the trial court denied.

DISCUSSION

Plaintiff appeals the trial court's order denying Plaintiff's motion for an assessment of damages hearing. As explained below, the trial court denied Plaintiff's motion because it determined that the trial court did not have jurisdiction over Defendants because Plaintiff failed to serve her Complaint on Defendants in compliance with the Pennsylvania Rules of Civil Procedure.

If, within 30 days after filing a complaint, a plaintiff fails to properly serve original process of the complaint upon a defendant within the Commonwealth of Pennsylvania, then the complaint is ineffective. See Pa. R.Civ.P. 401 (a) and (b); see also Dubrey v. Izaguirre, 685 A.2d 1391, 1394 (Pa. super. ct. 1996); Cahill v. Schults, 643 A.2d 121, 125 (Pa. super. Ct. 1994). If 30 days has elapsed since the filing of the complaint, in order to make the complaint effective again and the service valid, the plaintiff must first request the prothonotary to reinstate the complaint and then properly serve original process of the reinstated complaint upon the defendant. See Pa. R.Civ.P. 400 and 401(a) and (b); Dubrey, 685 A.2d at 1394.

If a plaintiff fails to reinstate the complaint and properly serve the complaint upon a defendant, then the trial court is without personal jurisdiction over the defendant. Dubrey, 685 A.2d at 1393-94. If a trial court does not have personal jurisdiction over a defendant, then any default judgment that the trial court enters against the defendant is null and void. Id. If the underlying default judgment is null and void, then the trial court cannot grant a plaintiff's motion for assessment of damages hearing. Id

Here, Plaintiff filed her Complaint on September 26, 2016. Plaintiff failed to serve her Complaint upon Defendants within 30 days, or by October 26, 2016. As such, the September 26, 2016 complaint was ineffective. Plaintiff never requested the Prothonotary to reinstate her Complaint. Therefore, the Complaint remains ineffective even as of the date of this opinion.

-2-

Additionally, Plaintiffs mailing of the Complaint on December 27, 2016 by first-class prepaid postage to Defendants at 1950 South 23 rd Street, Philadelphia, Pennsylvania 19145 was improper service of original process. Cahill, 643 A.2d 121, 125 (Pa. Super. Ct. 1994) ("[s]ending initial process by certified mail rather than by the sheriff, is improper."). As noted earlier, Pennsylvania Rules of Civil Procedure 400.1 and 402 required Plaintiff to have the Sheriff (or a competent adult) hand a copy of the Complaint to Defendants or to those lawfully designated to receive original service on behalf of Defendants. See Pa. R.C.P. 400.1 and 402.

Thus, the mailing of the Complaint to Defendants was improper service. Since service was improper, the trial court lacked personal jurisdiction over Defendants. Since the trial court lacked personal jurisdiction over Defendants, the default judgment that the trial court entered on April 7, 2017 was facially defective and void. Since the April 7, 2017 Default Judgment was facially defective and void, Plaintiffs Motion for an Assessment of Damages Hearing was both jurisdictionally and procedurally improper. Therefore, the trial court properly denied Plaintiff's Motion.

CONCLUSION

Therefore, based on the foregoing, the Superior Court should affirm the trial court's order denying Plaintiff's motion for an assessment of damages hearing.

BY THE COURT:

_____
DANIEL J. ANDERS, JUDGE
Dated: November 20, 2017

-3-