J-A30039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANDRA ROBERTS NAVARRA, BY HER AGENT UNDER A DURABLE POWER OF ATTORNEY, CHRYSTIE CLARKE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| RICHARD E. NAVARRA AND PAULA R. NAVARRA, AND NAVARRA INSURANCE ASSOCIATES, INC. | : : : : | |
| APPEAL OF: PAULA R. NAVARRA, NOW KNOWN AS PAULA R. STAPP | : : | No.  967 WDA 2018 |

Appeal from the Order Entered June 11, 2018
in the Court of Common Pleas of Lawrence County
Civil Division at No(s): 10282 of 2013, C.A.

BEFORE:  SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED APRIL 9, 2019**

Paula R. Navarra, now known as Paula R. Stapp (Paula) appeals from the order entered on June 11, 2018, which denied her petition to open or strike a judgment entered against herself, Richard E. Navarra (Richard), and Navarra Insurance Associates, Inc. (collectively, Defendants). Upon review, we affirm.

This case involves a dispute between family members regarding a loan guarantee.  By way of background, Navarra Insurance was owned by Paula and Richard, who were previously married.  Paula and Richard separated on November 19, 2012, when Paula moved from Pennsylvania to Dallas, Georgia.

_____

* Retired Senior Judge assigned to the Superior Court.

While living together in Pennsylvania, Paula and Richard resided at 711 Trillium Court in Wexford, Pennsylvania, which was also listed as the address of Navarra Insurance at all times relevant to this matter.

Richard's father, Fred Navarra (Fred), and his step-mother, Sandra Roberts Navarra (Sandra), personally guaranteed a loan taken by Navarra Insurance from First Commonwealth Bank (the Bank). Navarra Insurance defaulted on the loan, and the Bank applied against the balance of the loan a $200,000 certificate of deposit owned by Fred and Sandra but held by the Bank as security. The Bank also obtained judgment of $86,093.14 against Fred and Sandra. Thereafter, the Bank agreed to accept $55,000 from Fred and Sandra in satisfaction of the judgment. Thus, on March 20, 2013, Sandra, the guarantor,[1] filed a complaint in the Court of Common Pleas of Lawrence County to recover $255,000 from Defendants, the obligors.

The Allegheny County Sheriff's Department was charged with serving this complaint on Defendants. On April 5, 2013, the sheriff filed a return of service, which set forth that Richard was served personally on March 26, 2013, at 711 Trillium Court; that Paula's complaint was served on Richard as Paula's husband on the same date at the same location; and that Richard accepted service on behalf of Navarra Insurance at the same address. **See** Return of Service, 4/5/2013.

---

[1] Fred died in 2012 prior to Sandra's filing of the complaint. His estate is not a party to this action.

On April 19, 2013, Attorney Jonathan Solomon filed an answer and new matter to the complaint on behalf of Defendants. On March 17, 2015, the trial court granted Sandra's motion for judgment on the pleadings against Defendants, and judgment was entered in favor of Sandra and against Defendants for $255,000 (March 2015 judgment). On April 16, 2015, Defendants timely filed a notice of appeal to this Court, which was docketed at 620 WDA 2015 (Defendants' appeal). Subsequently, on May 19, 2015, Paula, through Attorney Stephanie Kramer, presented a petition to strike the judgment in the Court of Common Pleas. On June 2, 2015, the trial court entered an order denying Paula's motion, concluding it lacked jurisdiction due to the fact that Defendants' appeal was still pending. *See* Pa.R.A.P. 1701(a). On June 22, 2015, Paula filed a notice of appeal from that order, which was docketed at 978 WDA 2015 (Paula's appeal).

On May 20, 2016, this Court issued a memorandum in Paula's appeal, affirming the order denying Paula's petition to strike judgment and agreeing with the trial court that it lacked jurisdiction pursuant to Pa.R.A.P. 1701(a). *Navarra v. Navarra*, 151 A.3d 1155 (Pa. Super. 2016) (unpublished memorandum). On July 8, 2016, this Court issued a memorandum in Defendants' appeal affirming a modified March 2015 judgment in favor of

- 3 -

Sandra and against Defendants.[2] ***Navarra v. Navarra***, 154 A.3d 848 (Pa. Super. 2016) (unpublished memorandum).

On January 9, 2018, Paula filed the petition at issue in this case, requesting, once again, that the trial court strike or open the modified March 2015 judgment against her only. The trial court issued a rule to show cause, and Sandra filed a response. A hearing was held on February 27, 2018.

The hearing began with stipulations, which included the fact that at the time of service of the complaint, the address of Navarra Insurance was 711 Trillium Court. N.T., 2/27/018, at 5. At the hearing, Paula testified that on November 19, 2012, she moved to Dallas, Georgia. N.T., 2/27/2018, at 11. She "filed a change of address with the U.S. Postal Service" on November 21, 2012. ***Id***. She moved to Georgia to take a job with Wells Fargo Insurance Services, which she began on November 30, 2012. She testified that up until that time, she worked for Navarra Insurance as the president and senior account executive. ***Id***. at 13. According to Paula, once she moved to Georgia, she was "no longer working actively with Navarra Insurance." ***Id***. at 14.

---

[2] The March 2015 judgment was for $255,000 jointly and severally against Defendants. However, this Court modified the judgment such that the $255,000 was joint and several against Navarra Insurance, and judgment for half, or $127,500, was entered against Richard and Paula each as individuals.

On June 11, 2018, the trial court denied Paula's petition. Paula timely filed a notice of appeal.[3] Both Paula and the trial court complied with Pa.R.A.P. 1925.

On appeal, Paula contends the trial court erred or abused its discretion in denying her petition to strike or open the judgment. According to Paula, she never received proper service of the complaint, and therefore the trial court was without jurisdiction to enter judgment against her. **See** Paula's Brief at 18.

> A court must have personal jurisdiction over a party to enter a judgment against it. [A]ction taken by a court without jurisdiction is a nullity. Because jurisdiction over a person is dependent upon proper service, the Pennsylvania Supreme Court has held that the rules relating to service of process must be strictly followed. **Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.**, [] 221 A.2d 185, 187 ([Pa.] 1966). **See also Cintas Corp. v. Lee's Cleaning Servs., Inc.**, [] 672 A.2d 1371 ([Pa. Super.] 1996) (striking default judgment for lack of jurisdiction when return of service was filed by plaintiff's attorney instead of process server); **U.K. LaSalle, Inc. v. Lawless**, [] 618 A.2d 447 ([Pa. Super.] 1992) (striking default judgment for lack of jurisdiction when plaintiff served attorney who represented defendant in a different matter); **Mischenko v. Gowton**, [] 453 A.2d 658 ([Pa. Super.] 1982) (granting petition to open default judgment when defendant has actual notice of lawsuit but lacks proper service). "In the absence of valid service, a court lacks personal jurisdiction over a party and is powerless to enter judgment against him." **U.K. LaSalle**[**, Inc.**], [] 618 A.2d at 449. Moreover, this Court has held that a judgment may be attacked for lack of jurisdiction at any time. **Cintas**, [] 672 A.2d at 1373.

---

[3] An order denying a petition to strike or open a judgment is appealable as an interlocutory order appealable as of right. **See** Pa.R.A.P. 311(a)(1).

*Dubrey v. Izaguirre*, 685 A.2d 1391, 1393 (Pa. Super. 1996) (some citations

and internal quotation marks omitted).

"A petition to strike a default judgment and a petition to open a default

judgment are two distinct remedies, which are generally not interchangeable."

*U.K. LaSalle, Inc.*, 618 A.2d at 449.

> A petition to strike a judgment does not involve the discretion of the court. *Id*. Instead, it acts as a demurrer to the record and, as such, may be granted only when "a fatal defect in the judgment appears on the face of the record." *Id*. Therefore, to grant a petition to strike a judgment based on improper service, the court must be unable to find proper service, reviewing only the record as it existed when judgment was entered.

*Dubrey*, 685 A.2d at 1393.

> A petition to open a default judgment is an appeal to the court's equitable powers, and the trial court's disposition of the petition will not be disturbed absent an error of law or a manifest abuse of discretion. In deciding whether to open the judgment, three factors should be considered and must coalesce: (1) the petition to open must be promptly filed; (2) the failure to enter an appearance or file a timely answer must be excused; and (3) the party seeking to open the judgment must exhibit a meritorious defense.
>
> We need not, however, engage in the above analysis if the party seeking to open the judgment has not received valid service or notice of the proceedings. Under those particular circumstances, the court has no jurisdiction over the party and is powerless to enter judgment.

*Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 943 (Pa. Super. 1989)

(citations omitted).

In this case, although Paula sought primarily to strike the judgment,

and only to open it as an alternative, the trial court could not have ruled upon

her petition to strike without looking at facts outside the record as it stood at the time the March 2015 judgment was entered. In denying Paula's petition, the trial court considered the facts established during Paula's testimony at the hearing on the petition to open or strike the judgment. Specifically, the trial court denied Paula's petition based upon its finding that Paula was the president of Navarra Insurance and service was effectuated on her personally because process was served at her "office or usual place of business" pursuant to Pa.R.C.P. 402(a)(2)(iii). **See** Trial Court Opinion, 7/11/2018, at 9. Thus, we evaluate this case as an appeal from an order denying a petition to open the judgment, which we evaluate for an error of law or abuse of discretion. **See Deer Park Lumber, Inc.**, 559 A.2d at 943.

We now consider Paula's argument that service was improper. **See** Paula's Brief at 7-16. Service of process is governed by Pa.R.C.P. 402, and the following subsections are applicable.

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402.

On appeal, Paula contends that such service was ineffective because even though she was listed as the president of Navarra Insurance, her "usual place of business" was at Wells Fargo, where she was employed at the time. Paula's Brief at 13-14. She argues that because she testified that she was no longer working actively at Navarra Insurance, it was no longer her office or usual place of business. *Id.*

"The reference to an office or usual place of business of the defendant requires that the defendant have more proprietary responsibility and control over the business than that possessed by the average employee." *Slater v. Goldberg*, 402 A.2d 1073, 1074 (Pa. Super. 1979) (internal quotation marks omitted). In this case, even though Paula was living in Georgia, she was the president and an owner of Navarra Insurance.[4] It is hard to imagine how one could have more proprietary interest than that. Thus, while 711 Trillium Court

---

[4] Although Paula claims that the trial court conducted its own internet search to ascertain this information, *see* Paula's Brief at 12-13, the document referenced by the trial court was admitted into evidence at the hearing on the petition to open or strike the judgment. *See* N.T., 2/27/018, at 6-7 (admitting exhibits attached to Sandra's answer to petition to strike or open judgment by agreement of parties); Exhibit C to Sandra's Answer to Petition to Strike Judgment, or in the Alternative, to Open Judgement (12/22/2017 web search for Navarra Insurance at Pennsylvania Department of State website indicating Paula was president and treasurer of Navarra Insurance with an address of 711 Trillium Court).

was not a "usual place of business" for Paula, it was certainly an office where she had "proprietary responsibility and control over the business." **Slater**, 402 A.2d at 1074. Accordingly, we hold that service on Paula at Navarra Insurance was proper pursuant to Pa.R.C.P. 402(a)(2)(iii), and therefore the trial court did not err in denying Paula's petition to open the judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2019