501 A.2d 683

**William H. VOGEL, Appellant**

**v.**

**Carol A. KUTZ, Jeff Nowosielski and James Sulecki.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Dec. 13, 1985.

John J. Barber, Erie, for appellant.

Roger H. Taft, Erie, for Nowosielski, appellee.

Before CAVANAUGH, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

May a writ or a complaint filed in a civil action at law be served, pursuant to Pa.R.C.P. 1009(a), by a constable who is not acting on the sheriff's behalf? Because the answer to this inquiry is "No", we affirm the order of the Court of Common Pleas of Erie County which dismissed Appellant's complaint.

In the instant case service of the Writ of Summons and later the Complaint was attempted when Michael Domkowski, a duly elected constable, personally delivered copies

of these documents to the defendants. Domkowski, at the times service was attempted, was not acting for or on behalf of the sheriff of Erie County.

Pa.R.C.P. 1009(a) states in relevant part:

(a) The writ, or the complaint if the action is commenced by complaint or the complaint is used as alternative process as provided by Rule 1010(e), *shall be served by the sheriff* within thirty (30) days after issuance or filing. When the sheriff is a party to the action service shall be made by the coroner or other officer authorized by law to perform the duties of coroner.

*Id.* (emphasis added).

The rule is quite clear that only the sheriff can properly effectuate service.

Appellant in his brief concedes that service was "technically defective," but argues that technical errors should not deny Appellant a determination of the merits of his case where delivery of documents in question was actually made. Pa.R.C.P. 126 is cited by Appellant to support his contention that Rule 1009(a) should be liberally construed in the interests of justice.

Appellant's contentions are without merit. In *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,* 422 Pa. 124, 127, 221 A.2d 185, 187 (1966), our supreme court held that "(t)he rules relating to service of process must be strictly followed." We agree. Pa.R.C.P. 1009 requires service by the sheriff (or deputy sheriff). Attempted service by anyone else—even a duly elected constable—does not constitute effective service under Rule 1009(a).

Order affirmed.