599 A.2d 1332

**Linda FRYCKLUND and Mark Frycklund,
her husband, Appellants,**

v.

**Michelle Dellice WAY, Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 20, 1991.

Filed Nov. 7, 1991.

Reargument Denied Jan. 17, 1992.

Gregory A. Olson, Asst. Dist. Atty., Indiana, for appellants.

Paul A. Bell, II, Indiana, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

In this action, brought in Indiana County to recover damages for personal injuries sustained in an automobile accident, the trial court dismissed the action after finding that attempted service on the defendant in Philadelphia had been improper. After review, we conclude that the trial court did not err in finding that the summons had been improperly served. It was error, however, to dismiss the action. A more appropriate remedy would have been to set aside the service.

Linda and Mark Frycklund commenced their action against Michelle Dellice Way by filing a praecipe for writ of summons in Indiana County on September 18, 1987. The writ was forwarded to the Sheriff of Philadelphia County, who was duly deputized to make service on the named defendant. This service was made at 1526 North Peach

Street, Philadelphia, by handing a copy of the writ to Suzette Way, the defendant's mother, on October 9, 1987. A copy of the complaint was later sent to the same address in Philadelphia. Michelle Way filed preliminary objections alleging defective service because she did not reside at the Peach Street address. Following an evidentiary hearing, the trial court found that the defendant had moved from her mother's home following the accident which was the subject of the action and prior to attempted service of the writ of summons. Therefore, the court sustained defendant's preliminary objections and dismissed the complaint. The plaintiffs appealed.

The pertinent rule of procedure is Pa.R.C.P. 402(a)(2)(i), which provides as follows:

(a) Original process may be served

    .     .     .     .     .

(2) by handing a copy .

    (i) at the *residence of the defendant* to an adult member of the family with whom he resides....

Pa.R.C.P. 402(a)(2)(i) (emphasis added).

■ When there is a dispute as to whether a given place is a residence of the defendant at which service can be made, the trial court may hold a hearing to determine the disputed facts, and a reviewing court will be bound by its findings if they are supported by competent evidence. *Warren v. Williams*, 370 Pa. 380, 88 A.2d 406 (1952).

■ In the instant case, the evidence supports the trial court's finding that when service was attempted by the Sheriff of Philadelphia, Michelle Way no longer resided with her mother. The uncontradicted evidence was that she had entered a lease for an apartment at A–16 Weymouth Hall Apartments, 6310 Sherwood Road, Philadelphia, on August 1, 1986, to which all her belongings had been moved and where she had resided for almost a year. In June, 1987, she moved to 135 North Farson Street, Philadelphia. This was verified by W–2 forms from her place of employment. Finally, on September 12, 1987, she had signed a lease for

an apartment at 4730 Hazel Avenue for a term to expire on August 31, 1988. This address was verified by telephone, electric and gas bills, as well as by a 1987 W-2 form identifying Way's Hazel Avenue address. This evidence provides full support for the trial court's finding that the appellee-defendant did not reside at 1526 Peach Street on October 9, 1987, the date of attempted service.

Appellants argue that they acted in good faith to effect service on the appellee-defendant according to the rules and did not attempt to stall in its tracks the action which they had commenced. They also suggest that the appellee-defendant promptly learned of the action and was not prejudiced by the defect in service. They contend, therefore, that Pa.R.C.P. 126 should be applied, and any procedural defect should be ignored. We reject this argument.

In the first place, the Supreme Court's decision in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), upon which appellants rely, pertained to the effectiveness of an unserved writ of summons to toll the statute of limitations. It does not stand for the proposition that invalid service becomes valid whenever a serving party acts in good faith.

The rules of procedure, it is true, are to be "liberally construed to secure the just, speedy and inexpensive determination" of all applicable proceedings, and courts "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. However, in the context of service of process, the rules "must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). Where a court lacks jurisdiction to determine the outcome of a cause of action, a court cannot ignore such a defect under Pa.R.C.P. 126. *Sklaroff v. Weiner*, 204 Pa.Super. 273, 203 A.2d 366 (1964). Improper service, therefore, is not merely a procedural defect which can be ignored when the defendant, by whatever

means, becomes aware that an action has been commenced against him or her.

> "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.,* 422 Pa. 124, 127, 221 A.2d 185, 187 (1966). *See also, Cassidy v. Keystone Insurance Co.,* 322 Pa.Super. 168, 469 A.2d 236 (1983). If service is not properly made, in the absence of waiver of an objection to invalid service, it is irrelevant if the defendant subsequently learns, as in the instant case, that the sheriff left a copy of the complaint at a location that was not the defendant's "office" or "usual place of business."

*Martin v. Gerner,* 332 Pa.Super. 507, 518–519, 481 A.2d 903, 909 (1984).

The decision in *Leidich v. Franklin,* 394 Pa.Super. 302, 575 A.2d 914 (1990), does not require that we ignore the defect in service in the instant case. In *Leidich,* the trial court had entered judgment on the pleadings in favor of the defendant on grounds that the action was barred by the statute of limitations. The issue requiring review was whether a defective initial service of the writ of summons was effective to toll the statute of limitations where the defective service had been corrected by proper service effected after the statute of limitations had run. The Court did not ignore the initial defective service. Indeed, everyone agreed that it had been inadequate to confer jurisdiction upon the court to hear the dispute. What the Court did hold was that under the peculiar circumstances of that case, the plaintiffs had made a good faith effort to notify the defendant of the action and had not engaged in a course of conduct calculated to stall the action in its tracks. Therefore, the Court concluded, the initial issuance of the summons, even though the summons had been defectively served, was sufficient to toll the statute of limitations and preserve the action.

■ In the instant case, the trial court correctly held that service of the writ of summons on Michelle Way had been defective and failed to perfect the court's jurisdiction over the person of the appellee-defendant. However, when the court sustained appellee's preliminary objections to the court's jurisdiction, it should merely have set aside the service. Instead, it went further and dismissed the action. This it should not have done. See: *Nicolosi v. Fittin,* 434 Pa. 133, 252 A.2d 700 (1969). Cf. *Salay v. Braun,* 427 Pa. 480, 235 A.2d 368 (1967).

■ It must be conceded that the Superior Court, on at least one occasion, affirmed a trial court order which had dismissed an action because service of initial process was defective. See: *Vogel v. Kutz,* 348 Pa.Super. 133, 501 A.2d 683 (1985). However, the nature of the relief to be given where service of initial process had been defective was not the issue which the Court was there being asked to decide. Where service of process is defective, the Supreme Court has held, the remedy is to set aside the service. The action, however, remains; and, if plaintiff can properly bring defendant on the record, the original action may be pursued. *Nicolosi v. Fittin, supra* 434 Pa. at 135–136, 252 A.2d at 701.

The order dismissing the action is reversed. The trial court's determination that service on appellee was defective, however, is affirmed, and such service is set aside.