**Bryan V. SILVER, Jordan S. Cohen, a Minor, Brad Cohen and Marita Cohen, Appellants**

v.

**Sandra THOMPSON, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2011.
Filed May 27, 2011.

Bernard M. Gross, Philadelphia, for appellants.

Claire Neiger, Philadelphia, for appellee.

Daniel J. Siegel and Diana D'Auria, Havertown, for Philadelphia Trial Lawyers, amicus curiae.

BEFORE: BENDER, LAZARUS, and STRASSBURGER *, JJ.

OPINION BY LAZARUS, J.:

Appellants Bryan V. Silver (Silver) and Jordan S. Cohen (Cohen) [1] appeal from the order entered in the Court of Common Pleas of Philadelphia County, granting Appellee Sandra Thompson's preliminary objections and transferring the case to Bucks County on the basis that service was improperly effected on Thompson in Philadelphia County, making venue in Philadelphia County improper. After careful review, we reverse and remand.

On June 26, 2009, in Bucks County, Silver was driving a motor vehicle in which Cohen was a passenger when they were involved in an accident with a motor vehicle driven by Thompson. Silver and Cohen, both residents of Bucks County, filed

---

* Retired Senior Judge assigned to the Superior Court.

1. We note that since Cohen is a minor, it is his parents and natural guardians, Brad and Marita Cohen, who bring this claim in his name. See Pennsylvania Rule of Civil Procedure 2027. However, since their involvement is not germane for the purposes of this memorandum, we will not refer to Brad and Marita Cohen when discussing the Appellants.

a negligence suit against Thompson,[2] another Bucks County resident, in Philadelphia County. Thompson was served with the complaint at her place of business, Fidelity Burglar and Fire Alarm Company, located in Philadelphia County. Thompson filed preliminary objections, alleging venue was improper since the incident occurred in Bucks County, the parties are all residents of Bucks County, and the witnesses are located in Bucks County. Thereafter, the parties exchanged multiple responses.

On July 1, 2010, the Honorable Allan L. Tereshko granted Thompson's preliminary objections and transferred the case to Bucks County. Silver and Cohen timely appealed[3] to this Court and raise the following issues for our review:

1. Does venue lie in Philadelphia, thus requiring denial of [Thompson]'s preliminary objections seeking transfer of venue?

2. Did the lower court commit an error of law in transferring venue to Bucks County where [Thompson] was personally served with the complaint in Philadelphia?

Appellants' Brief, at 4–5.[4]

 In Pennsylvania, it is well-settled that a plaintiff's choice of forum "is given great weight." *Masel v. Glassman*, 456 Pa.Super. 41, 689 A.2d 314, 316 (1997).

---

**2.** Originally, Silver and Cohen also sued Thompson's employer, Fidelity Burglar and Fire Alarm Company, arguing Thompson was acting within the scope of her employment at the time of the collision. However, Silver and Cohen ultimately discontinued their action against Fidelity.

**3.** Two *amicus curiae* briefs were filed in support of Appellants, one by the Philadelphia Trial Lawyers Association and another by the Pennsylvania Association for Justice. The issues they raise are addressed in this memorandum.

However, the trial court is vested with broad discretion in determining whether or not to grant a petition to transfer venue. *Id.* Such a decision can only be overturned by this Court for an abuse of discretion. *Id.* An abuse of discretion occurs if there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Kring v. Univ. of Pittsburgh*, 829 A.2d 673, 675 (Pa.Super.2003).

Pennsylvania Rule of Civil Procedure 1006 establishes where venue is proper. In relevant part, Rule 1006 states:

(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) *the individual may be served* or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]

Pa.R.C.P. 1006(a)(1) (emphasis added).

Pennsylvania Rule of Civil Procedure 402(a) defines where an individual may be served. In relevant part, Rule 402 states:

(a) Original process may be served

(1) *by handing a copy to the defendant;* or

(2) by handing a copy

---

**4.** Silver and Cohen also raised a third issue concerning whether the lower court erred by granting a change of venue based on the doctrine of *forum non conveniens*. We first note that the trial court did not grant a change of venue based on *forum non conveniens*, but, instead, based on improper venue. Further, although Thompson made veiled *forum non conveniens* arguments in her preliminary objections, she did not raise them by petition, as required by Pa.R.C.P. 1006(d)(1). Therefore, *forum non conveniens* is not before this court. We only address the issue of whether service was proper.

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house, or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a)(1), (a)(2)(i-iii) (emphasis added). We note that "[w]hen the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa.R.C.P. 127(b).

 In support of his order transferring venue to Bucks County, Judge Tereshko stated in his Pennsylvania Rule of Appellate Procedure 1925(a) opinion that for service to have been proper on Thompson, Silver and Cohen needed to have served her at her residence or, if she had certain propriety rights, at her place of business. In so reasoning, Judge Tereshko misapplied the plain language of Rule 402.

Rule 402, subsection (a)(1), clearly states that service may be effected by "handing a copy to the defendant." This part of the rule does not include language requiring process be served on a defendant at a specific location. Indeed, our Court has

previously explained that "[a]n individual may be served in any county where he is personally present and a copy of the original process is handed to him[.]" *Gilfor v. Altman,* 770 A.2d 341, 345 (Pa.Super.2001). Conversely, Rule 402, subsection (a)(2), addresses non-personal service and includes a location requirement: when a copy of the original process is handed to particular individuals (a clerk, manager, or agent, etc.) ***other than the defendant,*** service must be made at either the defendant's residence or place of business. Pa.R.C.P. 402(a)(2).[5]

In the instant case, the affidavit of service states that Thompson was personally served. Therefore, service was effected on Thompson per Rule 402, subsection (a)(1), not subsection (a)(2). Further, per Rule 1006(a), venue is valid "where the individual may be served." *Id.* Here, Thompson was served in Philadelphia County, thus venue is properly in Philadelphia County.[6] By transferring venue to Bucks County based on the language of subsection (a)(2), Judge Tereshko committed an error of law. *Kring, supra.* Therefore, we reverse and remand.

Order reversed. Case remanded. Jurisdiction relinquished.

---

5. Since the language of the rule is clear, we need not address Thompson's policy arguments. Pa.R.C.P. 127(b).

6. We note that Thompson appears to have waived her right to challenge service of process since she failed to argue it was invalid in her preliminary objections. Per Pa.R.C.P. 1028(a)(1), preliminary objections may be filed for "improper form or service of summons or a complaint[.]" A party who fails to object to service of process in preliminary objections waives that claim. *Cinque v. Asare,* 401 Pa.Super. 339, 585 A.2d 490, 492 (1990). Although Thompson appears to have waived her challenge, since her preliminary objections challenged venue generally, we decide this case on the venue challenge, based on the plain directives of Pa.R.C.P. 402(a) and 1006.