J-S63032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARSHALL L. WILLIAMS, ESQUIRE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RAUL JAUREGUI, ESQUIRE, | : | |
| | : | |
| Appellee | : | No. 574 EDA 2015 |

Appeal from the Order entered on December 2, 2014
in the Court of Common Pleas of Philadelphia County,
Civil Division, No. 02094 July Term 2013

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 10, 2015**

Marshall L. Williams, Esquire ("Williams"), appeals from the December 2, 2014 Order striking his Complaint filed against Raul Jauregui, Esquire ("Jauregui"), and dismissing the action, with prejudice, for lack of proper service.  We affirm.

The trial court summarized the relevant factual and procedural background underlying this appeal as follows:

> The case that gave rise to the instant appeal started out when a client of [Jauregui] apparently fired him and retained

[Williams.[1]] [Williams] filed a [Praecipe for] writ of summons [on] July 15, 2013[. This was] followed by a [C]omplaint [filed] on October 18, 2013[,] charging [Jauregui] with tortious interference with a business relationship, misuse and abuse of process, infliction of emotional distress, commercial disparagement, and requested punitive damages. The [alleged] tortious acts appear to have occurred in 2006 and 2007[,] although there are allegations of tortious conduct as late as 2010.

On November 7, 2013, the Honorable John Herron entered an [O]rder [] provid[ing] that if the [C]omplaint was not served within 60 days[, it] would be dismissed without prejudice.[2] [Williams] was ordered to appear on January 21, 2014[,] to show cause [as to] why the [C]omplaint should not be dismissed.

[Williams] filed an affidavit of service on January [21], 2014[,] which stated that[,] on January 16, 2014[,] he sent a copy of the [C]omplaint to [Jauregui] by certified mail.[3] The

---

[1] Prior to Williams's initiation of the instant action, Jauregui had filed a breach of contract action against the client, as well as a related action against Williams, alleging tortious interference with a contractual relationship. Concerning Jauregui's action against Williams, after Williams had failed to appear at scheduled pre-trial conferences and for trial, the trial court entered a default judgment against Williams. In a Memorandum filed on May 26, 2011, this Court thoroughly discussed the facts and procedural history concerning Jauregui's prior actions. **See Jauregui v. Udujih, Ukogu, and Williams**, 30 A.3d 549 (Pa. Super. 2011) (unpublished memorandum at 1-5); **see also id.** at 12 (holding that "[w]hile we do not sanction [Williams's] continuous inability to appear or his pro[test]ations that the trial court is misinforming this Court that [he] was notified of the trial date, we are compelled to strike the [default] judgment and reverse. By rule, the failure to appear at trial can result only in a judgment of *non pros* or nonsuit against a plaintiff ….").

[2] **See** Pa.R.C.P. 401(a) (providing that "[o]riginal process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.").

[3] Williams attached to the affidavit of service a U.S. Postal Service certified mail return receipt card (hereinafter "the mail return receipt"), which, according to Williams, was signed by Jauregui upon his receipt of the Complaint at his residence in Swarthmore, Pennsylvania.

January 21 court date was administratively cancelled because an affidavit of service had been filed.

[Jauregui] filed a [M]otion to strike service and dismiss the [C]omplaint ["Motion to dismiss"] on November 3, 2014[,] claiming that service had not been made in the manner required under P[a.]R.Civ.P. 402[,[4]] alleging that [Williams] had committed a fraud on the court by filing the affidavit of service, and requesting attorney fees.

On the same day, [Jauregui] also filed an *in forma pauperis* letter [(hereinafter "the IFP Praecipe")], alleging that he was the attorney for the party proceeding *in forma pauperis*, and that he believed that the party was unable to pay court

---

[4] Rule 402 provides as follows:

(a) Original process may be served

 (1) by handing a copy to the defendant; or

 (2) by handing a copy

   (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

   (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

   (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

(b) In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a[n acceptance of service] document[.]

Pa.R.C.P. 402. In support of his request that the Complaint be stricken, Jauregui (1) pointed out that Rule 402 does not provide for service by certified mail; and (2) denied ever receiving the Complaint via certified mail, or by any other means. *See* Memorandum in Support of Motion to Dismiss, 11/3/14, at 1-2 (unnumbered).

costs. The so-called party was[,] in fact[, Jauregui].[FN 1] There were no supporting financial documents filed with the [IFP Praecipe].

[FN 1] [Jauregui's] accompanying [M]otion to dismiss was signed by Tannia Jauregui, Esq. [("Tannia"),] who [Williams] has alleged is [Jauregui's] wife[, and] who resides with [Jauregui,] in Swarthmore, PA.

On November 6, 2014[, *i.e.*, over one year after initially filing the Complaint, Williams] filed a [P]raecipe to reinstate the [C]omplaint.[5] On November 24, 2014[, Williams] filed an [A]nswer to [Jauregui's M]otion to dismiss the [C]omplaint[,] in which he claimed that [Jauregui] was in default and subject to a default judgment for not answering the [C]omplaint[. Williams additionally alleged] that [Jauregui] had been served with the [C]omplaint because he had signed for it,[FN 2] [and] that [Jauregui's] allegations that the court did not have jurisdiction over [Jauregui] because the [C]omplaint had not been served were defamatory. Finally, [Williams] included a proposed order that would permit him to serve the [C]omplaint pursuant to P[a.]R.Civ.P. 430.[6]

[FN 2] Apparently[,] by signing the mail return receipt. [Jauregui] denies that he signed anything.

On December 2, 2014, the [trial] court dismissed the case[,] with prejudice[,] for lack of service[,] and denied [Jauregui's] request for attorney fees.

[Williams] filed a [Motion] for reconsideration on December 17, 2014[,] alleging that the Sheriff of Delaware County [had] attempted to serve [Jauregui,] at his last known address of 307 Riverview Road, Swarthmore, PA 19081[,] on December 4,

---

5 The trial court did not specifically rule upon Williams's Praecipe. Rather, the court impliedly denied it by the subsequent entry of its December 2, 2014 Order dismissing Williams's action.

6 Rule 430 provides, in relevant part, that "[i]f service cannot be made under the applicable rule[,] the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa.R.C.P. 430(a).

2014.[7] [Williams] requested that the [C]omplaint be reinstated and that [Jauregui] be ordered to file an answer within twenty days or suffer a default judgment.

Trial Court Opinion, 3/12/15, at 1-3 (footnotes added; other footnotes in original; some footnotes omitted).

The trial court denied Williams's Motion for reconsideration, after which Williams timely filed a *pro se* Notice of Appeal.[8] While the trial court did not order Williams to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, it issued a Rule 1925(a) Opinion, stating, in relevant part, as follows:

> Service in the instant case was not made in conformity with the applicable court rules. [Williams] did not file a motion to serve [Jauregui] by special order of court pursuant to P[a.]R.Civ.P. 430. From the inception of this case in July 2013[,] to its dismissal in December 2014, there was only one indication of an attempt to serve [Jauregui] by means that would have been proper[, *i.e.*, the failed attempt to serve Jauregui made by the Sheriff on December 4, 2014,] had the court not already dismissed the [C]omplaint on December 2, 2014.

---

[7] Williams attached to the Motion an Affidavit of Service form completed by the Sheriff. This form stated that service was not made, as there was no response at the door to the residence.

[8] Although Williams filed his Notice of Appeal more than 30 days from the entry of the December 2, 2014 Order, the Notice of Appeal was timely filed on January 5, 2015. *See* Pa.R.A.P. 903(a) (mandating that appeals from the lower courts must be filed within 30 days of the entry of the order appealed from). Our Prothonotary contacted the Prothonotary Office of the Court of Common Pleas of Philadelphia County ("lower court prothonotary") concerning the timeliness of this appeal, and discovered that the lower court prothonotary was closed between January 1, 2015, and January 4, 2015, for a court holiday and weekend closure. *See* Pa.R.C.P. 106(b) (providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

J-S63032-15

Trial Court Opinion, 3/12/15, at 3-4. Importantly, the trial court additionally found that Williams had not acted in good faith to effectuate service of the Complaint. *Id.* at 4.

On appeal, Williams presents the following issues for our review:

1. Did the trial court commit an error of law or abuse its discretion by dismissing [Williams's] re-instated [C]omplaint with prejudice[,] based upon [Jauregui's] allegation of "lack of service"?

2. Whether the trial court committed an error of law or abused its discretion when it failed to issue an order for alternative service of [Williams's] pleadings upon [Jauregui]?

3. Did the trial court's subject matter jurisdiction[,] and its jurisdiction over the parties[,] attach upon [Jauregui's] filing as the attorney for himself, the client, a praecipe waive [*sic*] the filing fees *in forma pauperis* for his [M]otion to dismiss [Williams's] case[,] when his attorney of record [was] Tannia []?

4. Did [Jauregui's] failure to file preliminary objections regarding his allegations of lack of service of process constitute a waiver of the objection?

5. Whether the trial court abused its discretion when it denied [Williams's M]otion for reconsideration on December 19, 2014?

Brief for Appellant at 4.

Service of process is the mechanism by which a court obtains jurisdiction over a defendant. *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966). The "fil[ing of a] complaint within the time permitted by the applicable statute of limitations … is not the only requirement for correctly commencing a lawsuit. Service of process

- 6 -

must also be properly effectuated." ***Cahill v. Schults***, 643 A.2d 121 (Pa. Super. 1994). Additionally, "[t]he rules relating to service of process must be strictly followed[.]" ***Sharp***, 221 A.2d at 187; ***see also U.K. LaSalle, Inc. v. Lawless***, 618 A.2d 447, 449 (Pa. Super. 1992). Proper service is not presumed; rather, the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure. ***Sharp***, 221 A.2d at 187. Improper service is not merely a procedural defect that can be ignored, even where a defendant subsequently learns of the action against him or her. ***Cintas Corp. v. Lee's Cleaning Serv., Inc.***, 700 A.2d 915, 918 (Pa. 1997).

In his first issue, Williams argues that the trial court erred by dismissing his action, since Jauregui did not show how he had been prejudiced by the defective service of process. Brief for Appellant at 11. Additionally, according to Williams, pursuant to our appellate case law, the trial court should have set aside the defective service, rather than dismiss his Complaint with prejudice. ***Id.*** at 12 (citing ***Fox v. Thompson***, 546 A.2d 1146, 1149 (Pa. Super. 1988) (holding that the trial court erred in dismissing the plaintiffs' complaint for failure to make service alone, and that the court should have given the plaintiffs an opportunity to reinstate their complaint)); ***see also Frycklund v. Way***, 599 A.2d 1332, 1335 (Pa. Super. 1991), (holding that "[w]here service of process is defective, … the remedy is to set aside the service. The action, however, remains; and, if plaintiff

can properly bring defendant on the record, the original action may be pursued.").

In **Fox, supra**, the plaintiffs instituted a personal injury action against the defendant by filing a writ of summons. **Fox**, 546 A.2d at 1146. The Sheriff attempted to serve the writ at the defendant's address listed on the police report, but noted on the return of service that no such address existed. **Id.** Approximately three months after the writ was filed, the plaintiffs filed a complaint. **Id.** The defendant subsequently filed a motion to strike the complaint for the plaintiffs' failure to effectuate service. **Id.** The trial court granted the defendant's motion to strike, after which the plaintiffs appealed.

In holding that the trial court had erred and abused its discretion, this Court stated as follows:

> The only explanation given by the trial court for granting the [defendant's] motion to strike was that the [plaintiffs] failed to properly serve the defendant in accordance with Pa.R.C.P. 402. However, Pa.R.C.P. 402 should be considered together with Pa.R.C.P. 401[,] which provides in pertinent part that "a writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.C.P. 401(b)(2).
>
> > Indeed[,] a party may reinstate a complaint or reissue a writ of summons "at any time or any number of times," although a late reinstatement will be subject to the statute of limitations. The party who files the initial process bears the burden of acting to ensure its continued efficacy. **Katz v. Greig**, 234 Pa.Super. 126, 339 A.2d 115 (1975) []. In applying these reinstatement rules, our courts have consistently considered irrelevant both the time the filing party became aware the sheriff could not serve process and the time the original cause of action arose. Rather,

- 8 -

once a party files process with the prothonotary, the party has been allotted a fixed time equal to the statute of limitations to either file new process, or risk losing the action to the bar of the statute of limitations.

*Wible v. Apanowicz*, 306 Pa.Super. 262, 452 A.2d 545 (1982); *see also Washington v. Papa*, 253 Pa.Super. 293, 384 A.2d 1350 (1978).

"The suit is not dead merely because the complaint has not been served within thirty days of its filing." *Lauterbach v. Lauterbach*, 202 Pa.Super. 260, 195 A.2d 159 (1963). Under Pa.R.C.P. 401(b), the complaint may be reinstated without requiring that the [plaintiffs] commence a new lawsuit. *Sherry v. Trexler-Haines Gas, Inc.*, 373 Pa.Super. 330, 541 A.2d 341 (1988). The [plaintiffs] properly followed all the necessary procedures in keeping their cause of action alive. The [plaintiffs] filed the praecipe for writ of summons and request for service on October 15, 1985. In so doing, they tolled the applicable statute of limitations, which would not have run until two years from that date. *Wible, supra*. The failure to complete service does not affect the [plaintiffs'] rights to reinstate the complaint within the statutory period. Rule 401 clearly provides that a complaint [that] is not served within thirty [] days of issuance may be reinstated. Although service made after the expiration of the thirty [] days may be considered void, failure to serve the complaint within that period does not render the complaint a nullity. [] *See Bowman v. Mattei*, 309 Pa.Super. 486, 455 A.2d 714 (1983). Based upon the foregoing, we conclude that the trial court erred in granting [the defendant's] motion to strike the complaint on the basis that [the plaintiffs] failed to effectuate service.

*Fox*, 546 A.2d at 1148-49 (footnote and brackets omitted). Notably, however, the *Fox* Court specifically observed that the trial court made no finding as to whether the plaintiffs had failed to act in good faith to effectuate service. *Id.* at 1149 n.1.

In ***Cahill, supra***, this Court addressed the impact of ***Fox*** in a situation where the trial court found a lack of good faith by the plaintiff in attempting to make service:

> "Unless a party applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the thirty-day time restriction, a writ or complaint will be 'dead' at the expiration of 30 days. However, *if such a party has actively tried to attempt service*, a writ or complaint may be reissued or reinstated and then served." Goodrich-Amram 2d § 401(a):1 [(emphasis added)]; ***see*** [***also***] Pa.R.C.P. 401(b). Because we conclude that [plaintiff] has not met his good faith burden of effectuating service [of] the original complaint, we will not allow the reinstated complaint and subsequent service to provide [plaintiff] with a second chance to properly institute his lawsuit. This is what ***Lamp***[9] and its progeny attempts to prevent. While there is case law which states that a law suit is not dead when there is a failure to serve a complaint within thirty days of its filing, ***see Fox*** …, 546 A.2d at 1148 []; ***Smith v. City of Philadelphia***, 148 Pa. Commw. 84, , 609 A.2d 873, 875 (1992), *there are no allegations and no evidence in those cases that the plaintiffs failed to meet their good faith effort* pursuant to ***Lamp***.

***Cahill***, 643 A.2d at 124 n.7 (footnote and emphasis added).

---

[9] ***See Lamp v. Heyman***, 366 A.2d 882, 889 (Pa. 1976) (holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion."); ***see also Farinacci v. Beaver County Indus. Dev. Auth.***, 511 A.2d 757, 759 (Pa. 1986) (holding that "***Lamp*** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action[,]" and stating that a determination that a plaintiff has not acted in good faith is committed to the discretion of the trial court, and will not be disturbed on appeal absent an abuse of that discretion); ***see also McCreesh v. City of Philadelphia***, 888 A.2d 664, 665, 672 (Pa. 2005) (clarifying what constitutes a "good-faith effort" under ***Lamp*** and ***Farinacci***); ***Bigansky v. Thomas Jefferson Univ. Hosp.***, 658 A.2d 423, 433 (Pa. Super. 1995) (stating that "although there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable.").

Here, the trial court expressly found that Williams had not acted in good faith in attempting to serve Jauregui. *See* Trial Court Opinion, 3/12/15, at 4. We discern no abuse of the trial court's sound discretion in making this finding. *See Farinacci*, 511 A.2d at 759 (emphasizing that it is within a trial court's "sound discretion" to determine whether a good-faith effort to effectuate service was made). Accordingly, as was the situation in *Cahill, supra*, because we determine that Williams did not meet his good faith burden of effectuating service on Jauregui, the trial court did not abuse its discretion in striking the Complaint, rather than setting aside the defective service. Accordingly, Williams's reliance upon *Fox, supra*, and *Frycklund, supra*, is misplaced, as there was no finding of a lack of good faith by the plaintiffs in those cases.

Moreover, contrary to Williams's claim, an inquiry into prejudice to Jauregui was unnecessary under the circumstances of this case, given the trial court's finding that Williams had failed to act in good faith by stalling the action. *See, e.g., McCreesh*, 888 A.2d at 674 (stating that the plaintiffs' claims could be dismissed, for lack of service of original process, only where "plaintiffs have demonstrated an intent to stall the judicial machinery **or** where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.") (emphasis added). Accordingly, Williams is not entitled to relief on his first issue.

Next, Williams asserts that the trial court improperly granted the Motion to dismiss where Jauregui had allegedly accepted service of the

Complaint by signing the mail return receipt. *See* Brief for Appellant at 14-16; *see also id.* at 14 (arguing that Williams "was compelled to notify [Jauregui] by certified mail after [Jauregui had] evaded personal service in Delaware County.").

Even assuming that Jauregui had signed the mail return receipt and received the Complaint, this is still not proper service.

> Sending initial process by certified mail, rather than by the sheriff, is improper. *See Mooney v. Borough of West Mifflin*, 134 Pa. Commw. 557, 578 A.2d 1384 (1990) (delivery of a complaint by certified mail rather than service by the sheriff was unacceptable and was not cured by service of an amended complaint after the expiration of the statutory period); Pa.R.C.P. 400(a). Moreover, this court has held that "attempted service by anyone else [other than the sheriff] -- even a duly elected constable -- does not constitute effective service." *Vogel v. Kutz*, 348 Pa. Super. 133, 501 A.2d 683 (1985).

*Cahill*, 643 A.2d at 125 (footnote omitted). Therefore, Williams's claim lacks merit.

In his third issue, Williams argues that "the trial court's subject matter jurisdiction[,] and its jurisdiction over the parties[,] attach[ed] upon [Jauregui's] filing as the attorney for himself, the client, a praecipe waive [*sic*] the filing fees *in forma pauperis* for his [M]otion to dismiss [Williams's] case[,] when his attorney of record [was] Tannia[.]" Brief for Appellant at 4.

Though Williams raised this issue in his Statement of Questions Presented section, he does not provide a corresponding discussion of the issue under a separate heading in the Argument section of his brief. *See* Pa.R.A.P. 2119(a) (requiring the appellant to divide the argument section

into separate sections for each issue set forth in the statement of questions presented, with distinctive headings for each such section). Rather, he briefly addresses it in connection with his first issue. *See* Brief for Appellant at 12 (arguing that the trial court erred by considering Jauregui's Motion to dismiss because "[the IFP P]raecipe that [Jauregui] himself filed as his own attorney was not valid because he, the client-attorney, represented to the [trial c]ourt that he was his own attorney[,] when Tannia … filed the [] [M]otion to dismiss on the same day.").

Williams has not cited to any legal authority in support of his claim, which merely consists of one paragraph of argument. *See* Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority). Accordingly, because Williams has failed to meaningfully develop this claim for our review, we deem it waived. *See Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (stating that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (citation

omitted)).[10]

Next, Williams contends that the trial court erred by granting the Motion to dismiss because Jauregui did not comply with the Rules of Civil Procedure concerning the format in which he challenged the lack of service. *See* Brief for Appellant at 17 (asserting that "[t]o dismiss a case for the defective service of process, a defendant must file a preliminary objection pursuant to [Pa.R.C.P.] 1028[].")

Williams is correct that where a party files preliminary objections, but fails to raise therein a challenge to improper service, the party has waived that claim. *See* Brief for Appellant at 18 (citing *Silver v. Thompson*, 26 A.3d 514, 517 n.6 (Pa. Super. 2011) (stating that "[p]er Pa.R.C.P. 1028(a)(1), preliminary objections may be filed for 'improper form or service of summons or a complaint[.]' A party who fails to object to service of process in preliminary objections waives that claim. *Cinque v. Asare*, 401 Pa. Super. 339, 585 A.2d 490 (Pa. Super. 1990).").  In the instant case, though Jauregui titled his objection as a Motion to dismiss, rather than a preliminary objection under Rule 1028, he did object to the lack of service in his Motion to dismiss, and therefore preserved his objection.  Unlike the

---

[10] Even if this claim was not waived, we would have determined that it lacks merit.  Our independent research discloses no support for Williams's claim, and Jauregui's filing of the IFP Praecipe did not result in a waiver of any objections to jurisdiction. *See, e.g., Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. 2004) (stating that "[a] defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.") (citation and quotation marks omitted).

situation in **Cinque, supra**, where waiver was premised upon the fact that the defendant had filed an answer to the complaint, without filing preliminary objections to the manner of service, **see Cinque**, 585 A.2d at 492, Jauregui only filed the Motion to dismiss.[11] We therefore deem any defect in this regard by Jauregui to not be of such consequence to merit waiver of a preserved objection.

Finally, Williams argues that the trial court improperly granted the Motion to dismiss where Jauregui had intentionally "conceal[ed] his whereabouts or where [he] could be served with process[, which] prevented effective service of process." Brief for Appellant at 19. According to Williams, he "will be unduly prejudiced if this Court does not permitted [*sic*] alternate service pursuant to Pa.R.C.P[.] 430." Brief for Appellant at 22.

We lack the information in the certified record to either confirm or deny Williams's assertions concerning Jauregui's alleged concealment. Moreover, the trial court did not make any findings in this regard, and it is not within our purview to make factual findings. Accordingly, we cannot grant Williams relief on this claim.

Order affirmed.

---

[11] Additionally, this Court in **Silver, supra**, did not find waiver of the appellant's claims based upon the holding announced in **Cinque**. **See Silver**, 26 A.3d at 517 n.6.

J-S63032-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015