J-S37003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATHLEEN HACKETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOME SOLUTIONS GROUP, LLC, M | : | |
| SQUARED GROUP, LLC, GARY J. | : | |
| MURRAY, JR., RAOUL SEQUIERA | : | No. 380 EDA 2021 |
| AND KARINA BURDA | : | |
| | : | |
| | : | |
| APPEAL OF: HOME SOLUTIONS | : | |
| GROUP, LLC, M SQUARED GROUP, | : | |
| LLC, AND GARY J. MURRAY, JR. | : | |

Appeal from the Order Entered January 7, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 190202344

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:          **FILED MARCH 07, 2022**

Home Solutions Group, LLC, M Squared Group, LLC, and Gary J. Murray, Jr., (collectively "the Appellants") appeal from the order denying their motion to strike and/or open the default judgments entered in favor of Kathleen Hackett. The Appellants argue that Hackett failed to properly serve the complaint, and therefore, the default judgments were improperly entered. We affirm.

_____

* Former Justice specially assigned to the Superior Court.

Hackett owns three contiguous lots in the Kensington South section of Philadelphia, which she has maintained as a garden for more than thirty years. M Squared and Home Solutions owned the properties on either side of Hackett's garden lots. Murray was the principal owner of both M Squared and Home Solutions.

Beginning in 2018, M Squared and Home Solutions started construction projects on either side of Hackett's lots and used her land as a dumping ground for materials, excavated a five-foot area of Hackett's property, encroached on Hackett's property, and cut back a cherry tree that was planted by Hackett's son, who has since died. On February 22, 2019, Hackett filed a complaint against the Appellants for trespass, boundary line encroachment, and negligent infliction of emotional distress.[1] Relevantly, in the complaint, Hackett indicated that Home Solutions is a domestic LLC, which was registered with the Pennsylvania Corporation Bureau at 93 Old York Road, Suite 1-546, Jenkinstown, Pennsylvania. However, Hackett further averred that Home Solutions does business from Murray's residence on Thyme Lane, Philadelphia. Hackett also noted that M Squared was registered as an LLC with the

---

[1]  After filing the suit, Hackett recorded a *lis pendens* on March 4, 2019, to stop the prospective sale of Home Solutions's property and receive compensation for her damages. Thereafter, Murray signed a deed transferring title of Home Solutions's property to Raoul Sequeira and Karian Burda for $502,000. Prior to the filing of Hackett's complaint, M Squared sold its neighboring property. Notably, the sales agreement on behalf of M Squared was signed by Gary Murray, without any differentiation or use of Jr. or Sr.

Pennsylvania Corporation Bureau at 836 N. 3rd Street, Philadelphia. Finally, Hackett stated that Murray conducted business from his residence on Thyme Lane, and at all times acted as an authorized agent for M Squared and Home Solutions.

Subsequently, in March 2019, Hackett filed an affidavit of service, indicating that Murray had been served with the complaint at Thyme Lane, through his father, Gary Murray, Sr., with whom Murray resided. Hackett filed a separate affidavit of service, indicating that Home Solutions had been served with the complaint at Thyme Lane, through Gary Murray, Sr., an agent, or person in charge of the party's office or usual place of business. Likewise, Hackett filed an affidavit of service, indicating that M Squared had been served with the complaint at Thyme Lane, through Gary Murray, Sr., an agent, or person in charge of the party's office or usual place of business.[2] The Appellants did not respond to Hackett's complaint.

Consequently, upon praecipe by Hackett, the trial court entered default judgment against M Squared on June 18, 2019, and Murray and Home Solutions on August 6, 2019. The trial court indicated that it would later assess damages against the Appellants. Thereafter, Hackett filed an amended complaint, wherein she restated her averments against the Appellants and raised additional claims against Sequeira and Burda. Subsequently, the trial

---

[2] An attempt to serve M Squared at the address provided to the Pennsylvania Department of State Corporations Bureau was unsuccessful.

court scheduled trial for November 23, 2020. Although Hackett filed an affidavit of service, indicating that the Appellants were served with notice of the trial at Thyme Lane, the Appellants did not appear. Ultimately, the trial court found in favor of Hackett and against the Appellants in the amount of $100,000. The trial court also found in favor of Sequeira and Burda.

On December 11, 2020, the Appellants filed a petition to strike and/or open the default judgments against them, arguing that the three affidavits of service did not properly reflect service of the complaint upon them. More specifically, the Appellants argued that Hackett knew, or should have known, that at the time service was effectuated, Murray did not reside at Thyme Lane, and neither Home Solutions nor M Squared did business at Thyme Lane. The Appellants indicated that Murray lived on 4th Street, Philadelphia in March 2019, and that Murray last resided at Thyme Lane in 2013, over 5 years prior to Hackett's alleged service on Gary Murray, Sr. The Appellants also maintain that they first became aware of this action on December 7, 2020, due to an unrelated docket search by their counsel.

In response to the Appellants' petition to strike and/or open, Hackett emphasized that the evidence and information provided by the Appellants confirmed that Thyme Lane was a good address to effectuate service on Murray, M Squared, and Home Solutions, and that service of the complaints was properly provided to Gary Murray, Sr. More specifically, Hackett affirmed that Murray lived at Thyme Lane, and the complaint was properly provided to

Gary Murray, Sr., an adult member of the family where Murray resided. Hackett further disputed the Appellants' bald claim that Murray lived on N. 4th Street in March 2019, highlighting that the Appellants offered no proof to support the claim. Hackett also noted that the N. 4th Street address is owned by one of Murray's development companies, which lists a mailing address of Thyme Lane for the owner. Additionally, Hackett argued that service provided to Gary Murray, Sr., regarding Home Solutions and M Squared at Thyme Lane was proper. Hackett presented supplemental material establishing that Gary Murray, Sr., was listed as an organizing member and vice president of Home Solutions; the deed for Home Solutions's neighboring property listed Home Solutions' address as Thyme Lane; an agreement between Philadelphia Redevelopment Authority and Home Solutions regarding Home Solutions's property that provided notices be sent to Thyme Lane; a letter from Philadelphia License and Inspections Commissioner citing Home Solutions's address as Thyme Lane; a mortgage and security agreement for the two properties identified "Gary Murray" with an address of Thyme Lane; a certificate of organization for M Squared identifying Murray as an organizer with an address of Thyme Lane; and M Squared listed its address at Thyme Lane for purposes of Licenses and Inspections, appeals to the Zoning Board of Adjustment, and the Department of Records.

The trial court ultimately denied the petition to strike and/or open without a hearing. The Appellants filed a motion for reconsideration. Attached

to this motion, the Appellants, for the first time, attached a Comcast cable bill from March 2019, which purportedly established that Murray lived on N. 4th Street at the time. Additionally, with regard to Home Solutions, the Appellants submitted a membership certificate, dated June 1, 2003, and an operating agreement, from 2007, evidencing that Murray was its sole member. The trial court denied the motion. This timely appeal followed.

On appeal, the Appellants raise the following questions for our review:

I.    Whether the trial court erred in refusing to strike or in the alternative open a default judgement when the court relied on evidence submitted by [Hackett] that *de hors* the record, capriciously disregarded Appellants' evidence submitted in support of the petition to open and failed to schedule a record hearing to allow for the development of a record on service efforts?

II.   Whether the record includes any evidence as to valid personal service on Gary J. Murray Jr. in his personal capacity?

Brief for Appellants at 4 (capitalization omitted).

The Appellants first contend the trial court erred in denying their petition to strike and/or open default judgments without conducting an evidentiary hearing on the service of process dispute. **See id.** at 14, 16, 17-18. The Appellants argue that the trial court relied on documents attached to Hackett's answer, which were outside the trial court's record, to deny the petition, without considering their documentary evidence. **See id.** at 16-18. Specifically, the Appellants assert that the trial court did not consider Murray's personal Comcast cable bill for his residence on N. 4th Street from March

2019, which substantiated Murray's proper residence, and a membership certificate and operating agreement for Home Solutions, which established that Murray was its sole member. **See id.** at 17-18. The Appellants claim that once there was competing evidence regarding Murray's address, the trial court was required to hold a "hearing thereon at which the burden rests upon the one seeking to open the default judgment[.]" **Id.** at 15 (quoting **Johnson v. Leffring**, 235 A.2d 435, 436 (Pa. Super. 1967)).

The Rules of Civil Procedure governing petition practice for petitions to strike and/or open do not mandate that the trial court hold an evidentiary hearing prior to ruling on the petition, but rather leaves it to discretion of the trial court. **See** Pa.R.C.P. 206.5(d), cmt. (stating that "the court might prefer to hold a hearing to determine facts and . . . [t]he court might also decide not to hold hearing or oral argument and decide the matter on briefs alone."); **see also** Pa.R.C.P. 206.6, cmt. (noting that "the court might decide the matter on briefs alone without a hearing or oral argument"). Moreover, the Court of Common Pleas of Philadelphia County has promulgated Local Rule *206.4(c), which provides that "[a] [h]earing or [a]rgument shall be scheduled at the discretion of the Assigned Judge[.]" Phila.Civ.R. *206.4(c).

As an initial matter, the Appellants do not provide any analysis as to the continued viability of **Johnson** in light of Local Rule *206.4 and Pa.R.C.P. 206.5(d) or acknowledge the fact that the trial court had discretion in whether to hold a hearing on the service issue. Here, there existed no dispute as to

material fact that required fact-finding prior to the trial court's resolution of Appellants' petition to strike and/or open. In this regard, the parties agree that Hackett purported to effectuate service on Murray, Home Solutions Group, and M Squared by serving Murray's father at Thyme Lane. The only dispute between the parties is whether such service provided proper notice to the Appellants. In their petition to strike or open the default judgment, Appellants provided only a bare assertion that Thyme Lane was not Murray's residence at the time service was attempted. In contrast, in her answer, Hackett provided a multitude of documents indicating that legal notices regarding Home Solutions's and M Squared's properties be sent to the residence on Thyme Street.

Moreover, the Appellants' attachment of a cable bill for N. 4th Street from March 2019, and a certificate of organization for Home Solutions to its motion for reconsideration, do not establish a dispute of material fact regarding the service issue because the trial court is not required to consider new evidence presented for the first time in a reconsideration motion. ***See Bollard & Assocs., Inc. v. H & R Indus., Inc.***, 161 A.3d 254, 256 (Pa. Super. 2017).[3] Under these circumstances, we cannot conclude the trial court

---

[3] We note that the Appellants make much of the fact that the trial court considered the documents attached to Hackett's answer to the petition to strike and/or open. However, the Appellants have not established how the trial court's consideration of these documents, which were part of the record, required that it hold an evidentiary hearing. Indeed, these documents spoke
*(Footnote Continued Next Page)*

abused its discretion in finding, without a hearing, that service was accomplished. **See Capstone Cap. Grp., LLC v. Alexander Perry, Inc.**, 263 A.3d 1178, 1185 (Pa. Super. 2021) (acknowledging that under Local Rule *206.4, the Philadelphia County Court of Common Pleas did not abuse its discretion in declining to hold a hearing in considering a petition to open a default judgment, as there was no dispute that required fact-finding prior to the trial court's resolution of the petition); **Neducsin v. Caplan**, 121 A.3d 498, 510 (Pa. Super. 2015) (concluding that because appellant failed to support his allegations in the petition to open judgment, the trial court had no need to conduct an evidentiary hearing).

We also reject Appellants' reliance on **Frycklund v. Way**, 599 A.2d 1332 (Pa. Super. 1991), to establish that an evidentiary hearing for a petition to strike and/or open was required. First, **Frycklund** addressed the defendant's preliminary objections, not a petition to open/strike. Importantly, however, this Court did not mandate an evidentiary hearing to address the defendant's preliminary objections regarding service issues but instead held that a trial court *may* hold an evidentiary hearing when determining whether a given place is the defendant's residence. **See Frycklund**, 599 A.2d at 1333-34.

---

to the central dispute in this case — whether Hackett properly served the Appellants at Thyme Lane.

The Appellants next contend that they presented evidence to support opening or striking the default judgment. **See** Brief for Appellants at 19. According to the Appellants, "a fatal defect exists on the face of the record," because Hackett improperly effectuated service on Murray, Home Solutions, and M Squared by serving Murray's father at Thyme Lane. **Id.** at 19-20. The Appellants suggest that the record is devoid of any evidence that he resided at his father's home. **See id.** at 24. The Appellants further claim that Murray's father was not Murray's agent or a person in charge of the businesses, and, therefore, did not have authority to accept service on behalf of Murray, Home Solutions, or M Squared. **See id.** at 20, 22. The Appellants conclude that the trial court summarily disregarded their evidence regarding Murray's home address, and that the trial court's order should be "stricken" and/or vacated and remanded for an evidentiary hearing. **See id.** at 23, 25.

Preliminarily, although the Appellants set forth the standards of review for both a petition to strike and open, they, in arguing there is a fatal defect on the face of the record and the trial court's order should be "stricken," appear to only raise a claim regarding the denial of their petition to strike.[4] To

---

[4] In their Statement of Questions Involved, the Appellants only raise a claim regarding personal service of Murray and do not include similar claims concerning M Squared or Home Solutions. Pa.R.A.P. 2116(a) states that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Despite the Appellants' failure in this regard, we will address their claims as they are interrelated.

that end, the Appellants fail to acknowledge that petitions to open and strike are different remedies subject to different standards. *See U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1027 (Pa. Super. 2017). Indeed, although the Appellants generally seek a remand for an evidentiary hearing to further develop the record regarding where Murray lived and whether Murray's father was an executive for Home Solutions, they ignore that a petition to strike is proper only when the defect in the original judgment appears on the face of the record at the time the judgment was entered. *See Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC*, 223 A.3d 278, 287 (Pa. Super. 2019).

On the other hand, if the truth of the factual averments contained in such record are disputed, such as the substance of the Appellants' argument here, "then the remedy is by a proceeding to open the judgment and not to strike." *Id.* (citation omitted). Nevertheless, despite the Appellants' failure to properly differentiate the remedies available to them, we will review the trial court's decision to deny both the petition to strike and open.

We begin by noting that a petition to strike a default judgment presents the lower court with a question of law; consequently, on appeal, our standard of review is *de novo*, and our scope of review is plenary. *See Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 793 (Pa. Super. 2013). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." *Digital Commc'ns Warehouse*, 223 A.3d at 284

(citation omitted). "A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Id.*** (citation omitted). When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, the court will be limited to a review of only the record as filed by the party seeking to uphold the judgment — the complaint and the documents containing the judgment clauses. ***See Resolution Trust Corp. v. Copley Qu-Wayne Associates***, 683 A.2d 269, 273 (Pa. 1996).

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Trexler v. McDonald's Corp.***, 118 A.3d 408, 412 (Pa. Super. 2015) (citation omitted). Here, the parties dispute service to Murray, as an individual under Pa.R.C.P. 402, and Home Solutions and M Squared under Pa.R.C.P. 424. Relevantly, Rule 402 allows for original process to be served "at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence[.]" Pa.R.C.P. 402(a)(2)(i). Additionally, Rule 424 states the following:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1)    an executive officer, partner or trustee of the corporation or similar entity, or

  (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

  (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.

Here, in considering the Appellants' petition to strike and looking exclusively at the record at the time the default judgment was entered, we are unable to ascertain any fatal defect on the record. Indeed, the record indicated that Murray lived at the Thyme Lane residence, and the complaint was properly served on Murray's father, who is an adult member of the family with whom Murray resides. Likewise, Hackett properly effectuated service on Home Solutions and M Squared under Pa.R.C.P. 424. The record establishes that Murray, as the principal of Home Solutions and M Squared, conducted business at Thyme Lane. In this regard, Hackett properly served Murray's father, who was the owner of the home and was a "person for the time being in charge" of the regular place of business. *Cintas Corporation v. Lee's Cleaning Service, Inc.*, 700 A.2d 915, 920 (Pa. 1997) (stating that service on a "person for the time being in charge" is proper when there is "a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it."). Moreover, the Appellants' arguments that Murray did not live at Thyme Lane and Murray's father could not accept service on behalf of Murray, Home Solutions, and M Squared cannot be considered in a motion to strike as

any such evidence was outside the record. *See Digital Commc'ns Warehouse*, 223 A.3d at 287-88 (recognizing that defendant's argument that the individual who signed the return receipt cards was not an authorized agent could not be considered in a motion to strike because any such evidence was outside the record). Based on this record, the trial court did not err in denying Appellants' petition to strike, as there was no fatal defect appearing of record.[5]

Furthermore, while the Appellants failed to provide any substantive analysis of the trial court's denial of their petition to open, we conclude that the trial court did not abuse its discretion in denying the petition to open. Initially, we observe that "[a] petition to open a default judgment is an appeal to the equitable powers of the court." *Watters*, 163 A.3d at 1028 (citation omitted). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.* Generally, "a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a

---

[5] In its opinion, the trial court references evidence provided by Hackett in her answer to the Appellants' motion to strike/open. To the extent the trial court relied on such evidence, it erred. Nevertheless, we conclude that the trial court's conclusion denying the motion to strike was proper. *See Grabowski v. Carelink Cmty. Support Servs., Inc.*, 230 A.3d 465, 472 n.3 (Pa. Super. 2020) (stating that "we may affirm a trial court's decision if there is a proper basis for the result reached, even if it is different than the basis relied upon by the trial court").

- 14 -

meritorious defense to the allegations contained in the complaint." ***Digital Commc'ns Warehouse***, 223 A.3d at 285 (citation omitted). "However, where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors." ***Id.*** at 288. Further, "[w]hen determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered by the court." ***Resolution Trust Corp.***, 683 A.2d at 273 (citation omitted).

Here, there was ample evidence establishing that Murray's address was the Thyme Lane residence at the time of service. Specifically, Murray listed Thyme Lane as his personal address in the certificate of organization for M Squared, the mortgage agreement for both Home Solutions's property and M Squared's property identify "Gary Murray" as residing at Thyme Lane; and the agreement between the Philadelphia Redevelopment Authority and Home Solutions regarding Home Solutions's property provided for notices to be sent to Home Services "c/o Gary Murray, Jr. [] Thyme Lane, Philadelphia, 19128." Agreement, 10/23/13, at 12. Moreover, as noted above, Appellants failed to offer any evidence in their petition establishing that Murray lived on N. 4th Street in March 2019. ***See Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Rest., Inc.***, 214 A.3d 259, 270 (Pa. Super. 2019) (stating that the "petitioning party [in a default judgment] bears the burden of producing

sufficient evidence to substantiate its alleged defenses"). Therefore, Hackett properly served the complaint on Murray's father, "an adult member of the family with whom [Murray] resides[.]" Pa.R.C.P. 402(a)(2)(i).

Moreover, the evidence established that Gary Murray, Sr., was an organizing member and vice president (executive officer) of Home Solutions Group, the deed for Home Solutions's property listed Home Solutions' address as the Thyme Lane residence, and an agreement between Philadelphia Redevelopment Authority and Home Solutions regarding Home Solutions's property provided that notices be sent to Thyme Lane. Accordingly, Murray's father properly accepted service on Home Solutions Group's behalf at the Thyme Lane residence under Rule 424.

Likewise, Murray's father properly accepted service for M Squared at Thyme Lane under Rule 424, as he was the owner of the home and was a "person for the time being in charge" of the regular place of business. Indeed, the certificate of organization for M Squared identified Murray as an organizer with an address of Thyme Lane, and M Squared listed its address at Thyme Lane for purposes of Licenses and Inspections, appeals to the Zoning Board of Adjustment, and the Department of Records. Further, Hackett attempted to serve M Squared at its corporate address but was unsuccessful. *See* Trial Court Opinion, 7/13/21, at 6 ("It would be unjust to allow [the Appellants] to insulate themselves from liability by pointing to addresses on the record that

were listed for service but failed when service was attempted.").[6] Based upon the foregoing, the trial court properly denied the Appellants' petition to open the default judgment.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *3/7/2022*

---

[6] Finally, as the trial court articulated, the Appellants failed to file a petition to open until over one year after the trial court entered the default judgments, and their "excuse" that they only learned about the judgments inadvertently through another docket search did not qualify as a reasonable excuse. **See** Trial Court Opinion, 7/13/21, at 9-10; **see also Digital Commc'ns Warehouse**, 223 A.3d at 286 (noting that in "cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month") (citation omitted).