J-S71001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AS PELEUS, A DELAWARE LIMITED LIABILITY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALSON ALSTON, UNITED STATES C/0 US ATTORNEY | |
| APPEAL OF: ALSON ALSTON | |
| | No. 3394 EDA 2015 |

Appeal from the Order Entered September 22, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 080803084 August Term, 2008

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 21, 2016**

Alson Alston appeals *pro se* from the September 22, 2015 order granting the post-trial motion and entering judgment in favor of AS Peleus, A Delaware Limited Liability Company ("Peleus").  We affirm.

On July 25, 2007, Mr. Alston executed a mortgage and associated promissory note in the amount of $337,500.00, and secured by the commercial property located at 2836-38 West Girard Avenue, Philadelphia, Pennsylvania.  The mortgage, recorded on August 2, 2007, was originally provided to Green Point Funding, Inc., which subsequently merged with Capital One Bank ("Capital One").  On April 1, 2008, Mr. Alston defaulted on

_____
* Former Justice specially assigned to the Superior Court.

the note and mortgage by failing to make his monthly payment. Shortly thereafter, Capital One supplied Mr. Alston with notice of its intent to foreclose. The trial court relayed the relevant history of this protracted litigation as follows:

On August 23, 2008, Capital One Bank, S/B/M to Green Point Mortgage Funding, Inc. . . . commenced a civil action against [Mr. Alston] for a defaulted mortgage on [the abovementioned property]. The United States of America was also named as a defendant on the basis of two federal tax liens filed against [Mr. Alston] by the Internal Revenue Service. [Peleus] filed a praecipe for voluntary substitution of plaintiff under Pa.R.C.P. No. 2352 on February 8, 2013 and March 12, 2013, naming Peleus LLC and subsequently AS Peleus LLC, a Delaware Limited Liability Company as the substituted Plaintiff based on the assignment of the mortgage in default.

. . .

Throughout the seven-year long litigation, the parties filed a number of motions, which are not at issue in this appeal. Of note the Honorable Idee Fox of the Court of Common Pleas of Philadelphia County granted summary judgment to [Capital One] on February 19, 2010, and ordered judgment *in rem* in the amount of $360,300.29, plus interests and costs. [Mr. Alston] filed an appeal and the Superior Court reversed and remanded the matter for trial on April 18, 2011, with the order docketed on March 27, 2012. ***See Capital One Bank v. Alston, et al.***, No. 835 EDA 2010 (Pa.Super.Ct. Apr. 18, 2011) [(unpublished memorandum)]. The reversal and remand was based on the pleading of a genuine issue of material fact as to fraudulent misrepresentation.

Due to pending bankruptcy actions, this matter was placed in deferred status and ultimately listed for trial on June 30, 2014 with appropriate notice given to the parties on June 12, 2014. Following the one-day bench trial, this Court found in favor of [Mr. Alston] based on an apparent lack of standing by [Peleus] to pursue this mortgage foreclosure action. On July 10, 2014, [Peleus] filed a Motion for Post-Trial Relief. Prior to the Court's

ruling on the post-trial motion, the matter was again deferred based on the pending bankruptcy action. Following the resolution of the bankruptcy matter, the matter was removed from deferred status on August 6, 2015. The Court granted post-trial relief to [Peleus] and further ordered judgment *in rem* against [Mr. Alston] in the amount of $537,088 plus interest, costs and other collectible charges on August 28, 2015. Due to a processing error by a Court Administrative Officer, the requisite notice was not sent to parties until September 22, 2015. [Mr. Alston] filed a Motion for Reconsideration, which was denied on October 28, 2015.

Trial Court Opinion, 9/22/15, at 1-2.

Mr. Alston filed a notice of appeal and complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court then authored its Rule 1925(a) opinion. This matter is now ripe for our review. Mr. Alston presents two issues for our consideration:

1. Whether the trial court abused its discretion or committed an error at law when it reversed its Verdict and granted the [post]-trial motion in favor of AS Peleus LLC[?]

2. Whether the trial court abused its discretion or committed an error at law in its interlocutory rulings because they represent clear due process violations?

Appellant's brief at 4.

Mr. Alston first contends the trial court erred in granting Peleus' post-trial motion seeking entry of judgment in its favor. A trial court can grant judgment notwithstanding the verdict ("JNOV") on two grounds: (1) Where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the

- 3 -

verdict should have been rendered for the movant. *Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6, 10 (Pa.Super. 2015) (citation omitted). When reviewing a trial court's decision regarding a motion for JNOV, we must consider all the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. *Id*. We must view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. *Id*. With regards to questions of law, our scope of review is plenary. *Id*. As for questions concerning credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. *Id*.

Mr. Alston's initial argument is multi-faceted. Notably, he does not directly challenge the trial court's finding that he entered into the mortgage in question, or subsequently defaulted on that obligation.[1] First, Mr. Alston argues the trial court erred in granting the post-trial motion filed by Peleus since it violated Pa.R.C.P. 227.1. That provision reads in pertinent part:

> (b) except as otherwise provided by Pa.R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

---

[1] In this regard, the trial court highlighted Mr. Alston's testimony that he executed a mortgage note in July of 2007, and that he could not recall the last time he made a payment on that mortgage. N.T. Trial, 6/30/14, at 24.

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof, or other appropriate method at trial; and,

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b). Mr. Alston asserts that Peleus did not specify how it preserved its issues in earlier proceedings.

Peleus's post-trial motion avers that the trial court erred in finding it lacked standing and that Mr. Alston had presented sufficient evidence to support an action for fraudulent misrepresentation. As these findings were first presented in the trial court's verdict on July 2, 2014, Peleus's post-trial motion, which was otherwise timely, did not violate Pa.R.C.P. 227.1. Hence, we find the trial court did not abuse its discretion in considering Peleus's post-trial motion.

Next, Mr. Alston lodges several attacks upon the trial court's finding that Peleus had standing to pursue this action. Mr. Alston argues that Peleus is not the holder in due course of the original promissory note, and that the note contains fraudulent or inconsistent indorsements. In addition, Mr. Alston maintains that Peleus is not the real party in interest as a result of a purported break in the chain of assignments. Finally, Mr. Alston alleges

that Peleus was not properly substituted as a party to this matter pursuant to Pa.R.C.P. 2352.[2]

The trial court relied on *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013), and *PHH Mortg. Corp. v. Powell*, 100 A.3d 611 (Pa.Super. 2014), in determining that Peleus was the holder in due course of the original note and allonges.[3] In *Murray*, this Court observed that a promissory note was a negotiable instrument, and held that, as a result, it was enforceable against a debtor even where defects in the chain of assignment are present. *Murray*, *supra* at 1267. Furthermore, in *Powell*, this Court found that the party in possession of the note may enforce it so long as the holder took the instrument for value and in good faith, and could produce the original note and allonges to the court for inspection. *Powell*, *supra* at 621.

---

[2] Section 2352 of the rules of civil procedure reads, in pertinent part:

> (a)   The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

Pa.R.C.P. 2352.

[3] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1259 n.2 (Pa.Super. 2013).

The trial court noted that Peleus had produced the original note and alloonges for inspection at trial. After indicating that the original blank indorsement had been converted into a special indorsement, the court found that any inconsistencies in the various assignments did not "bear such apparent evidence of forgery or alteration [and were not] otherwise so irregular or incomplete as to call into question its authenticity." Trial Court Opinion, 2/3/16, at 8 (citation omitted). It concluded that Peleus was the holder in due course of the mortgage note, and thus, Peleus was entitled to enforce the note regardless of any defects that may be present in the chain of ownership. We find the court did not err in this regard.

The trial court inspected the note and alloonges at issue herein and determined that Peleus possessed the original note and alloonges evidencing the chain of ownership. Thereafter, the court properly applied our law as delineated in *Murray*, *supra*, and *Powell*, *supra*, and found that Peleus was the holder in due course of a negotiable instrument, and therefore had standing to pursue this matter.

Mr. Alston next alleges Peleus lacked standing since another entity, "Peleus, LLC" was improperly substituted as a party in this matter. He claims that the original motion to substitute a party listed "Peleus, LLC" as the plaintiff, and that Peleus, LLC remains the plaintiff. Our review of the record reveals no error in this regard. After purchasing Mr. Alston's mortgage in default, Peleus filed a praecipe for voluntary substitution under

Pa.R.C.P. 2532 wherein it erroneously listed itself as "Peleus, LLC A Delaware Limited Liability Company." Praecipe, 2/8/13, at unnumbered 2. Upon recognizing this error, Peleus again filed a praecipe for voluntary substitution, this time entering the proper entity, "AS Peleus LLC, A Delaware Limited Liability Company." Praecipe, 3/12/13, at unnumbered 2. Peleus then filed a praecipe to correct the caption on October 10, 2013, again referencing the correct party to this matter. Hence, Mr. Alston is not entitled to relief on this ground.

Mr. Alston also contends the trial court abused its discretion in failing to find that the complaint initiating this matter was insufficient since the blank indorsements demonstrating the transfer of ownership were not attached to the complaint. We disagree. It is well-settled that there is no requirement that a complaint in mortgage foreclosure must include the original promissory note and associated allonges. *See* Pa.R.C.P. 1147;[4]

_____

[4] The rules of civil procedure require that a complaint in mortgage foreclosure include:

   (1)   the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

   (2)   a description of the land subject to the mortgage;

   (3)   the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

*(Footnote Continued Next Page)*

*Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1063 (Pa.Super. 2015) (finding that a party does not need to incorporate the original promissory note to comply with Pa.R.C.P. 1147). Thus, this claim is without merit.

Next, Mr. Alston avers that the trial court erred in failing to reject Peleus's post-trial motion as untimely since Peleus filed its memorandum of law in support of its motion after the ten-day filing period enunciated by Pa.R.C.P. 227.1(c)(1). Rule 227.1(c)(1) states that "Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial[.]" Pa.R.C.P. 227.1(c)(1). We observe that the provision cited by Mr. Alston governs the timeliness of post-trial motions and does not specify that a party must file a memorandum in support of that motion within that same timeframe. As Mr. Alston provides no other legal authority supporting his position, we find this argument waived. *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

    (4)   a specific averment of default;

    (5)   an itemized statement of the amount due; and

    (6)   a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).

2012) (finding that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Mr. Alston next assails the trial court's finding that the mortgage was in default. He maintains that this Court, in a prior appeal in this matter, remanded the case for trial after finding that Mr. Alston had raised a genuine issue of material fact regarding fraud in the inducement in connection with the formation of his mortgage. *See Capital One Bank v. Alson Alston*, 29 A.3d 836 (Pa.Super. 2011) (unpublished memorandum). Mr. Alston asserts this fraud in the inducement claim required the court to find the underlying contract void, and thus, the court could not find him in to be in default.

In finding that Mr. Alston had not sustained his burden of proof regarding fraud in the inducement, the trial court noted that Pennsylvania law "limits a borrowers' fraud defense against a holder in due course to fraud in the factum not fraud in the inducement." Trial Court Opinion, 2/3/16, at 8. It reasoned that Mr. Alston's defense for fraudulent misrepresentation focused on his alleged inability to inspect an appraisal of his property prior to executing the mortgage note. The inability to review such an appraisal, according to the court, did not "equate with the requisite lack of 'knowledge [and] reasonable opportunity to obtain knowledge of [the instrument's] character or its essential terms,' as is required for a successful fraud in the factum defense." *Id*. at 9. We agree.

The defenses available to an obligor are outlined in 13 Pa.C.S. § 3305.

That provision reads as follows:

(a)   General rule.– Except as stated in subsection (b), the right to enforce the obligation of a party to pay an instrument is subject to the following:

(1)   a defense of the obligor based on:

(i)  infancy of the obligor to the extent it is a defense to a simple contract;

(ii)  duress, lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor;

(iii)  fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms; or

(iv)  discharge of the obligor in insolvency proceedings;

. . .

(b)   Right of holder in due course to enforce obligation.—The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in subsection (a)(1)[.]

13 Pa.C.S. § 3305 (a).  Notably, the comments to this provision clarify that

"Subsection (a)(1)(iii) refers to 'real' or 'essential' fraud, sometimes called

fraud in the essence or fraud in the *factum*, as effective against a holder in

due course."  **See** Comments to 13 Pa.C.S § 3305(a)(1)(iii).

Our prior holding in this matter, that Mr. Alston raised a genuine issue

of material fact regarding fraud in the inducement, is of no moment since

that holding pertained to the available defenses against Capital One as the successor by merger to the original mortgagee, Green Point Funding, Inc. Under § 3305(b), the right of a holder in due course to enforce an instrument is only subject to a defense arising under § 3305(a)(iii), which does not contain a fraud in the inducement claim.[5] Thus, fraud in the *factum* pursuant to § 3305(a)(iii) was the only fraud-based claim effective against Peleus as a holder in due course.

Herein, Mr. Alston did not present evidence that the appraisal was an essential term of the mortgage. Rather, the record reveals that the original lender utilized the appraisal simply to determine the value of the property, and thereafter, offered Mr. Alston a loan in the amount of $337,000. The agreement was not subject to the appraisal, nor was the appraisal incorporated into it. Mr. Alston agreed to the amount of the loan, notwithstanding the appraisal, when he signed and executed the note. The trial court properly held that Mr. Alston's fraud in the inducement claim was

_____

[5] A claim of fraud in the inducement requires a party to prove: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. 2005) (citation omitted).

not available against Peleus, and that he failed to sufficiently support a defense for fraud in the factum. Therefore, his claim is without merit.

Finally, Mr. Alston alleges the trial court erred when it failed to find Peleus and its counselors had engaged in a "pattern of deception." Appellant's brief at 30. Mr. Alston does not cite to legal authority in support of his position, and thus, it is waived. **Whitley**, **supra**.

Having determined that Peleus was entitled to judgment as a matter of law, we turn to Mr. Alston's second issue. In this vein, Mr. Alston contends that the trial court violated his right to due process in granting two interlocutory orders.

Mr. Alston first challenges an order by the court dated June 10, 2014, directing Mr. Alston to show cause as to why an emergency motion to strike a praecipe to discontinue this matter should not be granted. The court required Mr. Alston to reply by 1:30 a.m. on June 11, 2014, an interval of twenty-five and one-half hours. Mr. Alston argues that such a short time frame violated his due process rights since it did not leave him adequate time to respond or to prepare a defense for his upcoming trial.

Under the Philadelphia rules of civil procedure, an emergency petition, such as the one filed herein, does not require the court to file a rule to show cause as of course pursuant to Pa.R.C.P. 206.6. **See** Phila. Co. Civil Rule 206.1(a)(2). Upon review of an emergency petition, "the assigned judge will issue an appropriate order setting forth the manner in which the petition will

be answered, heard, and disposed." *Id*. As the rule to show cause in this matter was discretionary, we review the court's issuance of that order for an abuse of discretion. An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." *In re Estate of Talerico*, 137 A.3d 577, 581 (Pa.Super. 2016) (citation omitted).

In the case *sub judice*, the rule returnable issued in this matter pertained to a second emergency petition to vacate an order to discontinue the action erroneously filed by prior counsel, after prior counsel had withdrawn from this matter. Prior counsel filed a first praecipe to discontinue this action on March 20, 2014. The court subsequently granted that motion, and this dispute was discontinued. However, shortly thereafter, prior counsel filed an emergency petition to strike the order vacating and discontinuing the instant matter. On May 12, 2014, the court granted the motion to strike the mistaken order discontinuing this case, and scheduled it for a bench trial on June 30, 2014. Inexplicably, on May 14, 2014, prior counsel again moved to discontinue this matter. Before the court could rule on the second motion to discontinue, prior counsel filed a second emergency petition to strike the motion to discontinue. In response, on June 10, 2014, the court issued a rule returnable requiring Mr. Alston to show cause as to

- 14 -

why the court should not grant the emergency petition by 1:30 a.m. on June 11, 2014.

We find the rule returnable issued by the trial court set forth an appropriate manner for disposing the emergency petition. Mr. Alston did not challenge the first order granting prior counsel's emergency motion to strike the discontinuance of this matter, nor does he challenge that order on appeal. Notably, each of prior counsel's emergency motions were premised upon mistakenly-submitted petitions to discontinue after that counsel had withdrawn from this matter.

Since Mr. Alston did not object to the trial court's first order granting prior counsel's emergency petition, it was reasonable for the trial court to believe Mr. Alston could not, or would not, levy a defense against its granting of the second motion. This belief is bolstered by Mr. Alston's failure to present any argument on appeal as to why the trial court erred in granting the second emergency petition. Rather, he contends that the short-time frame presented in the rule returnable violated his right to due process as it did not afford him an opportunity to respond to the rule and prepare for trial. At the time the court issued the order in question, Mr. Alston's case had been in litigation for over six years. Mr. Alston had ample time to prepare his defense, and the record reveals he demonstrated an intimate knowledge of his dispute, and the documents involved, at trial. Hence, no relief is due.

Finally, Mr. Alston argues the trial court erred in granting a motion permitting alternative service on January 29, 2009. Mr. Alston did not object to the service of process in his preliminary objections. Thus, we find this issue waived. **Silver v. Thompson**, 26 A.3d 514, 517 n.6 (Pa.Super. 2011) (finding that a party that fails to object to service of process in preliminary objections waives that claim).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016